## LAYNE v. TRIBUNE CO.
### No. 6103.

Court of Appeals of the District of Columbia.
Argued April 4, 1934.

Decided May 7, 1934.

James A. O'Shea, John H. Burnett, and Alfred Goldstein, all of Washington, D. C., for appellant.

Louis G. Caldwell and A. W. Scharfeld, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant, plaintiff below, brought an action for damages in the Supreme Court of the District of Columbia against the defendant company for the publication of an alleged libelous article in the Daily Tribune. The Tribune Company is an Illinois corporation, engaged in publishing the Chicago Daily Tribune and the Chicago Sunday Tribune at Chicago, Illinois. These papers are circulated extensively throughout the country. Summons and a copy of the declaration were served on Arthur S. Henning, an employee of defendant company, in charge of the collection of news in the city of Washington, and the forwarding of them to the Tribune office in Chicago.

Defendant filed a plea to the jurisdiction of the court on the ground that it was not doing business here, and was not subject to service of process in this district. Plaintiff demurred and moved to strike the plea. Both the demurrer and motion were overruled, and joinder of issue was made on the plea. The case was tried to the court, and judgment was entered for defendant, from which this appeal was taken.

Title 24, § 373, of the District Code, 1929, among other things, provides: "In actions against foreign corporations doing business in the District all process may be served on the agent of such corporation or person conducting its business, or, in case he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, if there be no such place of business, by leaving the same at the place of business or residence of such agent in said District, and such service shall be effectual to bring the corporation before the court."

The evidence disclosed that defendant company maintained an office in Washington, in charge of Henning, upon whom the service of process was made. That there are three other reporters and two telegraph operators employed in that office. Defendant company maintained a leased telegraph wire between Washington and Chicago, its home office. The business of Henning and his associates was to collect news in Washington and send it to Chicago. The news articles were there examined and used or discarded by defendant company and supplied to other newspapers.

It further appeared that defendant company maintains a telephone in the Washington office; that Henning had authority to purchase supplies for the office; employ,

when business required, additional telegraph operators; all of which items were put in his expense account, which was paid from the Chicago office. Henning's and the other employees' salaries were paid directly from the Chicago office. The rent and furnishings of the office in Washington were paid for directly from the Chicago office. It also appeared that defendant company made no contracts of any nature in the District of Columbia, and no money was received by any of the employees here for contracts entered into by defendant, or for the sale of defendant's papers here, or for advertising. No employee of defendant was authorized to enter into any contract with any other corporation outside of the state of Illinois. On this statement of facts, the court below held that defendant company was not doing business in the District of Columbia within the terms of the statute and could not be held subject to service of process here.

We think the decision of the court was right. Much is attempted to be made by counsel for plaintiff of the fact that defendant company maintained a leased wire between Washington and Chicago for the transmission of news. There is no legal difference, for the purposes of this case, between transmitting news over a telegraph wire and through the mails; nor is there any difference between paying rental for a leased telegraph wire over which to send the news and the payment of postage to send the news by mail.

It has never been held that the mere collection of news in Washington and their transmission to a paper published outside of the District of Columbia constituted doing business in the District within the terms of the statute. Counsel for appellants rely strongly upon the case of Ricketts v. Sun Printing Co., 27 App. D. C. 222. We are of opinion, however, that this case is not analogous to the case at bar. There service was made upon the chief correspondent in Washington of the New York corporation. This correspondent had associated with him from nine to fourteen assistants. The news gathered in Washington was sent to New York for publication in the New York Sun. These news reports were sold to other papers and delivery made directly in Washington. The

Washington office received part payment for the news thus sold, and the receipts were used for the payment of the maintenance of the Washington office. It will be observed that the facts in that case are entirely different from the facts in the case at bar, and in these cases each case must depend largely upon its own facts as to whether service upon the principal correspondent is sufficient.

We think that the present case is controlled in all points by the decision of this court in Neely v. Philadelphia Inquirer Co., 61 App. D. C. 334, 62 F. (2d) 873, 875. There the facts were closely analogous to those in the instant case, and Mr. Justice Hitz, in an able opinion distinguishing the Ricketts Case, and holding the service void, said: "But we think the mere collection of news material here for use in subsequent publication elsewhere, in the manner and extent shown in this case, is not a doing of business here, within the meaning of the statute. As the seat of national government, Washington is the source of much news of national importance, which makes it desirable in the public interest that many newspapers should maintain vigilant correspondents here. If the employment of a Washington correspondent, the announcement of his address, and the payment of his office rent, subjects a nonresident newspaper corporation to legal process in Washington for matter appearing in its paper at home, it would bring in nearly every important newspaper in the nation, and many foreign publishing corporations, which in our opinion the present statute does not do. The conclusion here reached is thought to be controlled by Green v. Chicago, B. & Q. Ry. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916, and supported by St. Louis Southwestern Ry. Co. v. Alexander, 227 U. S. 218, 227, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77; International Harvester Co. v. Kentucky, 234 U. S. 579, 583, 34 S. Ct. 944, 58 L. Ed. 1479; Phila. & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710."

In the present case no contractual obligations were assumed, or reciprocal rights and duties established, that would make a foreign corporation amenable to the service of process in this District.

The judgment is affirmed, with costs.