## CORDTS et al. v. BENEFICIAL LOAN SOC. et al.
### No. 743.

District Court, D. New Jersey.

Aug. 2, 1940.

Charles M. Grosman, of Newark, N. J., for plaintiffs.

Pitney, Hardin & Skinner, of Newark, N. J., for defendant Beneficial Loan Soc.

Lindabury, Depue & Faulks, of Newark, N. J., for defendant Bankers Nat. Investing Corporation.

FORMAN, District Judge.

Plaintiffs sue as stockholders of the defendant, Beneficial Loan Society, hereinafter designated "Beneficial", a corporation of the State of Delaware, and seek to set aside a sale to it made on January 10, 1938, by the codefendant, Bankers National Investing Corporation, likewise a Delaware corporation, of shares of stock of the Atlantic Life Insurance Company, a corporation of Virginia. A similar suit was brought in the Court of Chancery, New Castle County, State of Delaware, and was dismissed without prejudice at the instance of the plaintiffs.

Beneficial is a Delaware holding corporation, owning blocks of stock of four companies. One of these blocks of stock represents fifty and seven-tenths per cent. of the stock of a New Jersey life insurance corporation (Bankers National Life Insurance Company). Prior to 1923, Beneficial was qualified to do business in the State of New Jersey. However, it has been stipulated that subsequent to that year Beneficial withdrew from this state.

Beneficial has been served with process through its vice president, secretary and director, John Budd Smith, who resides in South Orange, N. J. No facts have been shown on which to predicate service other than the bare residence of Mr. Smith, the fact that prior to 1923 Beneficial was qualified to do business in New Jersey, and the fact that Beneficial owns stock in a New Jersey corporation.

Beneficial has appeared specially to quash the return of service of the summons on it, and to dismiss the action. The time of defendant Bankers National Investing Corporation to answer or move has been extended by stipulation, approved by this court, until ten days after determination of the present motion.

■ It appears that a foreign corporation is amenable to service in an action in personam, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present here. Philadelphia & Reading Ry. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L. Ed. 710; Layne v. Tribune Co., 63 App. D.C. 213, 71 F.2d 223 and Davega, Inc. v. Lincoln Furniture Mfg. Co., 2 Cir., 29 F.2d 164.

■ There is nothing herein which would indicate that Beneficial was doing business in this state. Neither its ownership of stock in a local corporation, Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 and People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537, nor the bare residence of its officer, John Budd Smith, subjects it to the jurisdiction of this court, Toledo Rys. & Light Co. v. Hill, 244 U.S. 49, 53, 37 S.Ct. 591, 61 L.Ed. 982 and Conley v. Mathieson Alkali Works, 190 U.S. 406, 23 S.Ct. 728, 47 L.Ed. 1113.

At the oral argument plaintiffs cited the case of Moulin v. Insurance Co., 25 N.J. L. 57, in support of their contention that the qualification of Beneficial to do business in New Jersey up to 1923 is ground for a denial of the present motion. That case holds that a corporation continues to be subject to the jurisdiction of a state from which it has withdrawn only for the purpose of suits upon causes of action arising during its residence. The distinction herein lies in the fact that the cause of action arose fourteen years after Beneficial withdrew from the state. The logical sequence of plaintiffs' proposition if applied would be that a corporation could never abandon its residence in a state for purposes of jurisdiction. To such a proposition we cannot accede.

We conclude that it has not been shown that Beneficial is subject to process in this state. Hence, the motion to dismiss is granted.