## BILBREY v. CHICAGO DAILY NEWS.
### Civil Action No. 24779.

District Court of the United States for the District of Columbia.

Nov. 15, 1944.

Geo. E. Sullivan, of Washington, D. C., for plaintiff.

Spencer Gordon, of Washington, D. C., for defendant.

PINE, Justice.

This is a motion to quash the return of summons.

The action filed herein claims damages on account of an alleged libel. The complaint sets forth that plaintiff, a mem-

ber of this Bar, was appointed by this Court as attorney to defend, without compensation, one of the defendants in the case of United States v. Joseph E. McWilliams et al., now on trial, and that defendant published in its newspaper the article complained of, under the caption "Capital Sedition Trial," which referred to such case. The motion to quash alleges that defendant is not doing or transacting business in the District of Columbia.

The facts relevant to this motion are undisputed, counsel having submitted to the Court agreed findings of fact established by the evidence.

In the application of the pertinent legal principles to the undisputed facts, I am controlled by Neely v. Philadelphia Inquirer Co., 61 App.D.C. 334, 62 F.2d 873, and Layne v. Tribune, 63 App.D.C. 213, 71 F.2d 223, certiorari denied 293 U.S. 572, 55 S.Ct. 83, 79 L.Ed. 670.

In each of these cases, being tort actions, defendant, a foreign corporation, maintained a Washington office for the collection of news which it transmitted, for publication, to its home office located outside the District of Columbia. The facts in the instant case are closely analogous to, if not almost identical with, the facts in the cases cited, wherein the Court of Appeals held that defendants were not amenable to process because the defendant was not "doing business" in the District of Columbia. The opinion expressed in these cases, rendered in 1932 and 1934 respectively, has been reiterated by the Court of Appeals as late as 1939 in Whitaker v. MacFadden Publications, 70 App.D.C. 165, 105 F.2d 44.

■■ I find nothing in Frene v. Louisville Cement Co., 1943, 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926, which overrules the cases above cited, as contended by plaintiff, nor can I subscribe to his view that the facts in this case bring it within the provisions of the second paragraph of the statute governing the service of process on foreign corporations.[1] Assuming, as he does, without deciding, that the tort complained of was committed in the District of Columbia, the second paragraph is limited to foreign corporations which shall transact business in the District of Columbia without having any place of business or resident agent therein. In the case at Bar the defendant has an office in Washington and a "Washington correspondent" in charge. This would seem to take the case out of the category embraced by the second paragraph. In addition, there seems no justification for plaintiff's assumption that "doing business" means something different from "transacting business." The second paragraph, using the words "transact business," was first enacted in 1902, and broadened in 1907. It increased the number of persons upon whom service would be effectual in the instances prescribed therein, but it made no change in the rule that a defendant foreign corporation must be doing business, or its legal equivalent, transacting business, in the District of Columbia, to be subject to process. Indeed, to hold otherwise would be in defiance of a long accepted principle that a foreign corporation is amenable to process to enforce a personal liability only if it is "doing business" within the state in such a manner and to such an extent as to warrant the inference that it is present there. Philadelphia & R. R. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710. As above stated, the governing decisions in this jurisdiction hold that a foreign corporation engaged in the newspaper activity of the defendant herein is not "doing business" in the District of Columbia in the technical sense referred to.

[1] D.C.Code 1940, Sec. 13—103 [24:373]. "Service on foreign corporations.

"In actions against foreign corporations doing business in the District all process may be served on the agent of such corporation or person conducting its business, or, in case he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, if there be no such place of business, by leaving the same at the place of business or residence of such agent in said District, and such service shall be effectual to bring the corporation before the court.

"When a foreign corporation shall transact business in the District without having any place of business or resident agent therein, service upon any officer or agent or employee of such corporation in the District shall be effectual as to suits growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or growing out of any tort committed in the said District (Mar. 3, 1901, 31 Stat. 1419, ch. 854, § 1537; June 30, 1902, 32 Stat. 544, ch. 1329; Feb. 1, 1907, 34 Stat. 874, ch. 445.)"

Under these circumstances, I am obliged to grant the motion to quash and remit the plaintiff to suit in another jurisdiction.

Counsel will submit, on notice, conclusions of law in accordance herewith.