**Orion J. LITZINGER, Appellant,**

v.

**PULITZER PUBLISHING COMPANY,**
Respondent.

No. 48922.

Supreme Court of Missouri,

Division No. 1.

April 9, 1962.

**82**

Lovell W. George, Clayton, for appellant.

Robert D. Evans, Lewis C. Green, Green, Hennings, Henry, Evans & Arnold, St. Louis, for respondent.

### HOLLINGSWORTH, Judge.

Does the statute fixing venue of actions against corporations authorize plaintiff, a resident of St. Louis County, to bring in the circuit court of that county an action for allegedly libelous matter appearing in a newspaper published in the City of St. Louis by defendant, a domestic corporation domiciled in said city? The trial court held it did not. Plaintiff appealed. The amount in dispute vests this court with jurisdiction.

Plaintiff, a resident of St. Louis County and whose four-year term of office as sheriff ended on December 31, 1960, thereafter, on February 11, 1961, brought this action in the circuit court of that county to re-

cover compensatory damages in the sum of $175,000 and punitive damages in the sum of $50,000 from defendant as publisher of the St. Louis Post-Dispatch for an allegedly libelous editorial published in said newspaper on December 21, 1960. The subject matter of the editorial dealt with plaintiff's conduct as Sheriff of St. Louis County. Summons directed to the Sheriff of the City of St. Louis was issued and served on defendant in the City of St. Louis.

Specifically limiting its appearance for that purpose only, defendant filed verified motion to quash said summons and for dismissal of the action. The motion stated that defendant was a corporation organized under the laws of Missouri with its registered office and agent for the transaction of its usual and customary business in the City of St. Louis and that it did not have or usually keep an office or agent for the transaction of its usual and customary business in St. Louis County; that the action brought by plaintiff was based upon an editorial published in the St. Louis Post-Dispatch, which was a daily newspaper published in the City of St. Louis, which editorial was first published in said city; that if plaintiff had any cause of action against defendant by reason of the publication of said editorial it accrued in said city; that, therefore, no venue of the action existed in the Circuit Court of St. Louis County and said circuit court had no jurisdiction over the defendant; and that to require defendant to appear and defend the action would deny to it equal protection of the law guaranteed to it by the Fourteenth Amendment of the Constitution of the United States and by Section 2, Article One, of the Constitution of Missouri, V.A.M.S. The prayer was that "the return of service and summons directed to this defendant be quashed and this cause dismissed." The court sustained the motion to quash the summons, but did not order dismissal of the action.

Thereafter plaintiff, by memorandum filed with the clerk, sought issuance of an alias summons, requesting "that same be de-

livered to the Sheriff of St. Louis County with instructions to serve said summons on the corporate defendant by delivering a copy thereof, and of the attached petition, to Asa Bryan, an agent kept by defendant in St. Louis County for the Transaction of its usual and customary business." Based solely upon the recital set forth in the memorandum, alias summons was accordingly issued. Thereafter the Sheriff of St. Louis County filed his return reciting that the summons had been served "in the County of St. Louis Missouri on the within named defendant the Pulitzer Publishing Company (a corporation) by delivering on the 30th day of March 1961 a copy of the Summons and a copy of the Petition as furnished by the Clerk to Asa Bryan an Agent kept by the Pulitzer Publishing Company in St. Louis County for the transaction of its usual and customary business in St. Louis County."

Again defendant, specifically limiting its appearance for that purpose, filed motion "to quash service and summons and to dismiss for lack of venue and lack of jurisdiction of defendant." That motion, in substance, alleged the facts recited in defendant's first motion to quash and further stated that the alias summons and petition "were not served on an officer, or a managing or general agent, or by leaving copies at a business office of the defendant with the person having charge thereof, or on an agent authorized by appointment or required by law to receive service of process"; that the words "as agent kept by The Pulitzer Publishing Company in St. Louis County for the transaction of its usual and customary business in St. Louis County," contained in the sheriff's return, were surplusage and not within the provisions of S.Ct. Rule 54.06(c), V.A.M.R., that the insertion of those words in the return was an attempt by the sheriff to make a finding with respect to venue beyond his power and authority, and was an attempt by the sheriff to overrule the finding and order of the court and should be amended as authorized by S.Ct. Rule 54.12. The prayer was "that

the return of service and summons directed to this defendant be quashed and this cause dismissed."

Attached to said motion was an affidavit of Joseph F. Holland, special assistant to the publisher of the St. Louis Post-Dispatch, reciting, on information and belief, that "the St. Louis Post-Dispatch is a daily and Sunday newspaper printed and published in the City of St. Louis, Missouri, by The Pulitzer Publishing Company, a Missouri corporation, residing in the City of St. Louis, Missouri, with its office for the transaction of its usual or customary business and registered office and agent at 1111 Olive Street and 1133 Franklin Avenue, St. Louis, Missouri; that The Pulitzer Publishing Company does not have or usually keep an office or agent in St. Louis County, Missouri, for the transaction of its usual or customary business, nor has defendant any business office in said county; that its usual and customary business is that of publishing a newspaper, the St. Louis Post-Dispatch; that the St. Louis Post-Dispatch, including all issues printed and published on December 21, 1960, is first published in the City of St. Louis, Missouri; that Asa Bryan, a reporter of The Pulitzer Publishing Company, is not an officer, partner, or managing or general agent, or in charge of any business office of defendant, The Pulitzer Publishing Company, or authorized by appointment or required by law to receive service of process; and that no copy of the summons or petition has been mailed to defendant." Plaintiff filed no counter-affidavit.

The court, having considered the motion, ordered: "Defendant's motion to quash service and summons and to dismiss for lack of service heretofore filed and submitted herein, having been duly and fully considered is now by the Court hereby sustained. Court expressly withholds entry of order of dismissal for twenty (20) days from this date to allow plaintiff to make application for Writ of Prohibition, restraining this Court from entering such order of dismissal."

Plaintiff filed motion in arrest of judgment of dismissal and for rehearing of defendant's motions to quash the original and alias summons and service thereof, with his affidavit attached thereto stating that it was a matter of common knowledge among St. Louis County governmental officers that Asa Bryan was employed by defendant as a reporter or correspondent for the St. Louis Post-Dispatch assigned on a full-time basis to cover the St. Louis County Court House with desk space in said court house and with telephone listings in the St. Louis telephone directory, in which the "Clayton Court House" was given as the address of the "Post-Dispatch Correspondent." The motion was overruled and the cause was dismissed. As stated, this appeal followed.

Our present statute, Section 508.040 RSMo 1959, V.A.M.S. (to which revision all statutory references are made unless otherwise stated), fixing venue of actions in which a corporation is the sole defendant, as material, provides and since prior to 1899 has provided:

"Suits against corporations shall be commenced either in the county where the cause of action accrued, * * *, or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

Statutes fixing the venue of actions brought against corporations in the county *in which the cause of action arose or accrued* have produced conflict of authority as to the proper venue of actions for libel against incorporated publishers of newspapers. See annotations, 37 A.L.R. 908 and 148 A.L.R. 477; 33 Am.Jur., Libel and Slander, § 227, p. 208; 92 C.J.S. Venue §§ 17 and 18, pp. 704–707. The first decision of this court on that subject was the case of Julian v. Kansas City Star Co., decided in 1907, 209 Mo. 35, 107 S.W. 496. There, a divided court held that under the above-quoted statute an action for libel against the publisher of an incorporated newspaper accrued in any county the newspaper was publicly circulated by the publisher despite the admitted fact that the newspaper was published in another county and the first publication of the alleged libel occurred there. Judge Graves, with Judge Lamm concurring, filed a strongly dissenting opinion. That decision was followed (with Judges Graves and Lamm continuing to dissent) until the case of Houston v. Pulitzer Publishing Co. (decided in 1913), 249 Mo. 332, 155 S.W. 1068, 1070, wherein the court overruled the Julian case and adopted, by reference, the reasoning in the dissent filed in the Julian case as the majority opinion of the court. The holding in the Houston case was that (1) under Rev.St.1899, § 997, providing that suits against corporations be commenced either in the county where the cause of action accrued or in any county where such corporations had an office or agent, an action for libel could be brought only in the county where the libel was first published or in the county of the residence of the plaintiff, and that, absent waiver, the court of no other county had jurisdiction; and (2) a statute that would allow one to sue a publishing corporation for libel in any county he chose where the allegedly libelous publications were circulated would be unconstitutional as depriving persons sustaining injuries from tortious acts other than libel of equal protection of the law and of their property without due process of law.

The reasons advanced in support of those conclusions were that libel published in a single edition of a newspaper, though that edition be widely distributed, actually afforded but one cause of action; that the venue statute permitting *all actions in tort* against a corporation to be commenced in the county where the cause of action accrued or in the county where the corporation had or kept an office or agent for the transaction of its business could not be legally upheld under either the federal or state constitutions to allow *actions for libel* to be brought in any county selected by the plaintiff wherein publication occurred in disregard of the fact that the first publi-

cation was made in the county where the newspaper was issued and the cause of action thereby had accrued in that county. This, for the reason that such a construction of the statute would give the plaintiff seeking damages for libel privileges of venue not allowed by law to the plaintiff in tort actions other than libel, in which the cause of action could accrue in only one county.

The Houston case, supra, has been consistently followed ever since its adoption. See Jones v. Pulitzer Publishing Co. (1914), 256 Mo. 57, 165 S.W. 304; Davidson v. Pulitzer Publishing Co. (1915), Mo., 178 S.W. 68; McClung v. Pulitzer Publishing Co. (en banc, 1919), 279 Mo. 370, 214 S.W. 193. In the latter case, l. c. 197, it was said: "We believe that the rule laid down in Houston v. Pulitzer Publishing Co., * * *, is not only the established law of this state, but that it is also sound in legal principle." In the McClung case the court also considered a statute, Laws 1909, p. 347, (enacted following the decision in the Julian case) which undertook to fix venue in suits for libel against corporations. That statute provided that such actions could be brought in the county in which the defendant was located or in which the plaintiff resided. Its validity was not challenged until the McClung case. There it was held unconstitutional. After holding the act of 1909 unconstitutional, the court went on further to declare, 214 S.W. 193, 196: "So, then, we conclude that since the decision in Houston v. Pulitzer Publishing Co., 249 Mo. 332, 155 S.W. 1068, decided April 8, 1913, this court has been of the opinion that the Legislature has not the authority under the state and federal Constitutions to provide that the venue in libel suits shall be that the individual charged with libel may only be sued in the county where he resides, or where the plaintiff resides if the individual is there found, but that in the case of a corporation charged with libel the corporate defendant may be sued in a county in this state where neither the action accrued nor the corporation has its domicile or

agent for the transaction of business, and that the Legislature may not provide that a citizen of the state, who is plaintiff in a libel suit, can sue a corporate defendant charged with libel in the county where the citizen resides, while a citizen, as plaintiff, who charges an individual defendant with committing a libel, cannot sue the defendant in the county in which the plaintiff resides, unless the individual defendant shall be found in the county where the plaintiff resides." See also Begley v. Mississippi Valley Trust Co., Mo., 252 S.W. 84, 86.

Following the decision in the McClung case, the Legislature repealed the act of 1909. See Laws 1931, p. 188. Since the repeal of that act, the Legislature, with knowledge of the construction placed upon the presently existing venue statute, § 508.-040 (as it bears upon venue of actions for libel brought against corporate publishers of newspapers as declared in the Houston case and subsequent cases) has taken no action to alter its provisions.

Plaintiff expressly concedes that the law as declared in the Houston, Jones, McClung and Davidson cases, supra, "up to this date, is still the law in Missouri." But, although admittedly aware that "no law can be cited to substantiate his position," he asserts that inasmuch as the editorial attacked him in his capacity as sheriff in St. Louis County, it "was capable of inflicting injury * * * only in St. Louis County, wherein, to the exclusion of the City of St. Louis and all other counties of this state, plaintiff enjoyed an 'official' existence." His argument is that the existence of the "official person" of plaintiff was limited to the boundaries of the county and that "injury" is an essential element of libel; ergo, there was no injury to the "official person" of plaintiff until the newspaper reached the county. Consequently, he insists, his cause of action did not accrue upon the first publication in the City of St. Louis, but that it accrued in St. Louis County when the newspaper publicity came to the readers in St. Louis County.

The specific contention is novel but basically it is not new. For instance, in the Julian case, 107 S.W. 496, in the dissenting opinion filed and which, by reference, was adopted as the majority opinion in the Houston case, 155 S.W. 1068, 1070, it was said, l.c. 510: "The extent of the publication may be shown to enhance the damages, and the suit thereby draws to itself all the alleged causes of action, and makes of them all the cause of action mentioned by the statute. The courts have made this rule of law because to permit a great multiplicity of suits for the one libelous article would be to shock the sense of justice and right." The holding there announced has been followed in other states. See Age-Herald Publishing Co. v. Huddleston, 207 Ala. 40, 92 So. 193, 196, 37 A.L.R. 898, and the more recent case of Forman v. Mississippi Publishers Corp., 195 Miss. 90, 14 So. 2d 344, 346, 148 A.L.R. 469; and other cases therein cited.

We are forced to the conclusion that plaintiff's contention of non-accrual and impossibility of accrual of plaintiff's alleged cause of action until an issue of the St. Louis Post-Dispatch carrying the article complained of reached St. Louis County is specious. However ingenious the argument may at first blush appear, the fact remains that venue of plaintiff's action for defamation, be its impact upon him individually or upon his "official person," must be determined by statute. We may not ignore the origin of the injury and arbitrarily fix its genesis at that moment when it first invaded his own county. Neither may we fix venue with an eye to the advantages or disadvantages to either party in the application of a sound rule. This does not mean that all of plaintiff's legal damages, compensatory and punitive, whether resulting from libel of him as an individual or of his "official person," or wherever sustained by reason of the circulation of defendant's newspaper, may not be shown and awarded in the court of lawful venue: it means that they may.

■ Consequently, we hold that plaintiff's cause of action, if any he has, accrued in the City of St. Louis and that statutory venue lies only in the City of St. Louis, unless, perchance, venue may also lie in St. Louis County by virtue of the provisions of § 508.010, which, to the extent here material, provides:

"Suits instituted by summons shall, except as otherwise provided by law, be brought:

"(1) When the defendant is a resident of the state, either in the county within which the defendant resides, *or in the county within which the plaintiff resides and the defendant may be found*; * * *." (Emphasis supplied.)

That question was not presented in any of the cases above cited and plaintiff frankly concedes that he invoked this statute by reason of the limited order made by the trial court sustaining defendant's first motion to quash the summons and dismiss the action only to the extent of quashing the summons. This, he says, made it incumbent upon him to procure issuance of the alias summons and obtain a ruling upon its effectiveness in order to "set the stage" for a final judgment of dismissal from which an appeal would lie. In this connection, he further frankly states that the primary purpose of his appeal is to ask the court to re-evaluate the interpretation placed upon the "accrual-of-the-cause-of-action clause" of the venue statute in the Houston and subsequent cases. But, nonetheless he briefs the contention and, in his brief, presses it upon us.

Although defendant is admittedly a resident of the City of St. Louis and is amenable to service in that city under the provisions of § 508.010, supra, plaintiff now insists that defendant also has an office and agent for the transaction of its usual and customary business in St. Louis County and that, inasmuch as § 508.040 provides that suits against corporations (when the sole-

defendant) shall be commenced in the county where they have an office or agent for the transaction of their usual or customary business, defendant, therefore, may be "found" in St. Louis County; and plaintiff insists it was so "found."

For the reasons hereinafter stated, we need not here meet the question whether, if defendant did have an office or agent in St. Louis County for the transaction of its usual or customary business, this action could be brought against it in St. Louis County under § 508.010, upon the thesis of its being "found" in the county in which plaintiff resided.

■ S.Ct. Rule 54.06(c), taken largely from § 27 of the Code of Civil Procedure as enacted Laws 1943, p. 353, provides that *service* of process upon a domestic or foreign corporation be effected "by delivering a copy of the summons and of the petition to an officer, partner, or a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to any other agent authorized by appointment or required by law to receive service of process, * * *." No pretense is made that service was had upon an officer, partner or a managing or general agent or by leaving copies at any business office of the defendant with the person having charge thereof. To the contrary, the only evidence presented at the hearing on the motion to quash was an affidavit of defendant's official expressly stating that no such service was had. The affidavit also further stated that defendant did not have an office or agent in the county for the transaction of its usual or customary business (that of publishing a newspaper in the City of St. Louis) and that Asa Bryan, upon whom service was attempted, was a "reporter" in the employment of defendant. Such an affidavit, undenied, constituted competent evidence of the facts therein stated. S.Ct. Rule 55.31 (formerly Section 509.290); State ex rel. McCarter v. Craig, Mo., 328 S.W.2d 589. And, in the

motion filed by plaintiff in arrest of judgment, it was admitted that Asa Bryan was a "reporter" on a full-time basis, to "cover" the court house in collecting and transmitting information in regard to news events, with desk facilities in the "press room" of the court house and telephone service listed in the St. Louis telephone directory: "Post-Dispatch Correspondent, Clayton Court House, Parkview 7-3313—7-8173." Moreover, plaintiff commendably concedes that *all* of the cases found by him definitely hold or indicate that service on a newspaper reporter with an office and telephone facilities is insufficient to confer jurisdiction under statutes similar to the statute here involved. One of those cases is Lee v. Memphis Pub. Co., 195 Miss. 264, 14 So.2d 351, 152 A.L.R. 1428, in which a foreign newspaper company, incorporated in Delaware, maintained an office in charge of its reporter in Webster County, Mississippi, with a sign thereon reading: "The Commercial Appeal—Mississippi Office—News—Circulation—Advertising." That court held that the reporter was not an agent of defendant so as to authorize maintenance of a libel action brought against the newspaper in Webster County, in which the libel action allegedly accrued. Two other cases are Neely v. Philadelphia Inquirer Co., 61 App.D.C. 334, 62 F.2d 873, and Layne v. Tribune Co., 63 App.D.C. 213, 71 F.2d 223, in both of which it was held that maintenance of offices in Washington, D. C., with "correspondents" in charge thereof for the purpose of gathering and transmitting news, did not constitute "doing business" there even though several other employees worked in each office. Independent research has revealed nothing detracting from these holdings. We are convinced that these cases are soundly ruled.

■ That portion of the return of the sheriff reciting that Asa Bryan was "an agent kept by the Pulitzer Publishing Company in St. Louis County for the transaction of its usual and customary business in St. Louis County" cannot be permitted to

stand in the light of the admitted facts in this case. As stated, the return of the sheriff shows a clear failure of lawful service as required by S.Ct. Rule 54.06(c), and the statement made in that return as to Asa Bryan's being an "agent" of defendant, etc., is volunteered surplusage. It cannot foreclose the defendant of its right to proper venue nor the court of its judicial power to determine that question, as the court was authorized to do under the express provisions of S.Ct. Rule 55.31. State ex rel. Boll v. Weinstein, 365 Mo. 1179, 295 S.W. 2d 62, 66; Stanley v. Sedalia Transit Co., 136 Mo.App. 388, 117 S.W. 685; Coerver v. Crescent Lead & Zinc Corp., 315 Mo. 276, 286 S.W. 3, 10–12; C. Rallo Contracting Co. v. Blong, Mo.App., 313 S.W.2d 734, 736.

■ In the light of the facts, it must be held that defendant could not be "found" in St. Louis County within the meaning of § 508.010 of the venue statutes.

Finally, plaintiff, in his motion for "arrest of judgment of dismissal and for rehearing of defendant's motion to quash service and dismiss action," for the first time asserts that the relief sought by defendant in its motions to quash would and the judgment of the trial court in granting the relief sought in those motions did deprive plaintiff of "due process of law" and of the equal protection of the law as guaranteed by Article I, § 2, of the Constitution of Missouri, and of the guarantees set forth in Article I, § 14, of the Constitution declaring that the courts shall be open to every person and certain remedy afforded for every injury and right and that justice be administered, etc.

■ Constitutional challenges to the validity of any alleged right or defense asserted by a party to an action must be raised at the earliest opportunity consistent with good pleading and orderly procedure. In this case, the challenge made by plaintiff clearly came too late. Securities Acceptance Corp. v. Hill, Mo., 326 S.W.2d 65, 66;

State v. Brookshire, Mo., 325 S.W.2d 497, 500. But in any event we think the reasoning set forth in the cases upon which we have based the decision in this case so competely refutes the contention of alleged unconstitutionality of the judgment herein rendered as to require no further discussion.

The judgment is affirmed.

All concur.