**SQUAW CREEK TRUCK PLAZA, INC., Appellant,**

v.

**STATE HIGHWAY AND TRANSPORTATION COMMISSION OF MISSOURI, Respondent.**

**No. WD 32856.**

Missouri Court of Appeals, Western District.

June 15, 1982.

John R. Shank, Kansas City, for appellant.

Bruce A. Ring and Dennis J. Redel, Jefferson City, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

KENNEDY, Judge.

Squaw Creek Truck Plaza, Inc., appeals from an order of the Circuit Court of Holt County dismissing with prejudice its petition for judicial review. Squaw Creek's petition sought judicial review of an order of respondent State Highway and Transportation Commission denying administra-

tive review under § 226.580.3, RSMo 1978,[1] in an outdoor advertising case. The Commission had ordered the removal of a certain outdoor advertising structure belonging to Squaw Creek. Squaw Creek had requested administrative review before the Commission. The order of the Commission, which was challenged by the petition for judicial review, had denied the request for an administrative review on the ground that the request was untimely filed, and had ordered the removal of the sign within 30 days.

Squaw Creek then filed in the Circuit Court of Holt County its petition for judicial review. The Commission filed a motion to dismiss the same on the sole ground of improper venue. The motion, and the accompanying suggestions in support thereof, maintained that the proper venue of the case was in Cole County.

The trial court after a hearing upon the motion, dismissed the petition *with prejudice.* All parties now agree that the case before the Commission was not a "contested case", § 536.010(2), that Cole County was the proper venue, that the venue was improperly laid in Holt County, and that the trial court acted correctly in dismissing the petition. § 536.150; § 226.100; *State ex rel. State Highway Comm'n v. Bates,* 317 Mo. 696, 296 S.W. 418, 423 (Mo. banc 1927); *Gorman v. State Highway Comm'n,* 552 S.W.2d 335, 336 (Mo.App.1977).

The issue here is the propriety of the dismissal *with prejudice,* the effect of which is to foreclose Squaw Creek's filing its petition in the court of proper venue. Rule 67.03; *Butler v. Circulus, Inc.,* 557 S.W.2d 469, 480[16] (Mo.App.1977). We hold that the court improperly dismissed Squaw Creek's petition with prejudice and it should have dismissed the same without prejudice.

Neither of the parties has cited us any authority directly ruling the question, but the conclusion is inescapable that a dismissal for improper venue is a dismissal without prejudice. An involuntary dismissal with prejudice, though not for all purposes a judgment upon the merits of the plaintiff's case, see *Peoples-Home Life Ins. Co. v. Haake,* 604 S.W.2d 1, 8–9 (Mo.App. 1980), finally disposes of his cause of action. Rule 67.03. How can the court, having found that the venue is improperly lodged there (the effect of which is to render the court powerless to dispose of the case upon the merits, *see State ex rel. Rhine v. Montgomery,* 422 S.W.2d 661, 664[5] (Mo.App. 1967)), then proceed to render judgment finally disposing of plaintiff's cause of action? The obvious answer is that it cannot.

Respondent says the court may have based his dismissal upon the failure of the petition to state a cause of action instead of upon the ground of improper venue. Then respondent proceeds to attempt to show us that the petition does not state a cause of action, in that the petition showed that Squaw Creek's request for administrative review, addressed to the Commission, was untimely made and that the untimeliness was without justifying excuse. § 226.580.- 3; 7 CSR 10–6.090; *State ex rel. Overland Outdoor Advertising Co., Inc. v. Missouri State Highway Comm'n,* 612 S.W.2d 57 (Mo. App.1981). It argues that we should affirm the trial court's dismissal on that ground. The short answer to respondent's argument is that the trial court had before it a motion to dismiss based solely upon the ground of improper venue and he was ruling on that motion and no other. There is absolutely nothing in the record before us to indicate what the trial court's opinion might have been upon whether the plaintiff Squaw Creek stated a claim for relief in its petition. The question of the sufficiency of Squaw Creek's petition for judicial review is not before us.

Respondent next argues that the judgment below ought to be affirmed because it is now too late for Squaw Creek to file its petition for review in another court of proper venue. Respondent argues that Squaw Creek's petition for review must have been filed within 30 days after the offending order, citing § 226.580 and 7 CSR

1. All statutory references are to RSMo 1978.

10–6.090(2); that 30 days have now long since passed; and that "certainly" the period during which the petition was pending in Holt County will not toll the 30-day statute. We might as well, respondent concludes, spare the parties and the courts the futile procedure of Squaw Creek's filing another petition, and put a *quietus* upon the whole affair, here and now. Our answer to that argument is that this is a court of appeal and not a *nisi prius* court. Except in the exercise of our jurisdiction to issue extraordinary writs, we review actions already taken by a lower tribunal. Mo.Const., Art. V, § 3. If and when Squaw Creek files its petition in another court, and if and when the respondent raises the above questions, and if and when they are properly presented to us, either upon appeal or upon an application for an original writ, then we will rule upon them. Until then we will not anticipate the actions of either party or of a lower court.

Under our power to make such judgment as the trial court should have made, without remanding the same to the trial court, we hereby order that the trial court's order of judgment of dismissal with prejudice be reversed, and the dismissal of the petition for review stand, but without prejudice.

All concur.