**William ABNEY and Lori Abney, Plaintiffs/Appellants,**

v.

**Ralph NISWONGER and Mary Niswonger, and Gordon A. Gundaker Real Estate Co., Inc., and Larry May Real Estate Co., and Koby Contracting Co., Defendants/Respondents.**

No. 59295.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 29, 1991.

---

**32**

Jay R. Burns, Jr., St. Louis, for plaintiffs/appellants.

Lawrence G. Gillespie, Frawley, Eisen, Gillespie & Brown, Webster Groves, Scott Lee Meyer, Leyhe, Meyer, Leyhe, Baker & Lobel, St. Louis, Louis Joseph Garavaglia, Jr., St. Ann, Harry L. Ritchey, St. Charles, for defendants/respondents.

CRANE, Judge.

Plaintiffs William and Lori Abney appeal from the trial court's order dismissing with prejudice, for improper venue, their claim for fraudulent misrepresentation or, in the alternative, for rescission, against defendants Ralph and Mary Niswonger, Gordon A. Gundaker Real Estate Co., Inc., Larry May Real Estate Co., and Koby Contracting Co. arising out of the purchase of a home in St. Louis County. We reverse and remand.

This action was filed in the Circuit Court for the City of St. Louis. On September 5, 1990, defendant Gundaker filed a motion to dismiss for lack of venue. This motion was sustained on October 5, 1990. In denying plaintiff's motion for reconsideration, the trial court added to its order that the dismissal was "with prejudice" and effective as to all defendants. The parties do not dispute that proper venue for the recission count lies in St. Louis County. The dispute

on appeal concerns the propriety of the trial court's order.

■ Ordinarily the order dismissing a cause for lack of venue is not a final appealable order.

When a court sustains a motion to dismiss or a motion to quash service because of improper venue the dismissal is not a judgment on the merits of the claim; it does not preclude the party from prosecuting his claim in a forum having venue of the cause. It does not dispose of all parties and issues in the cause and is not an appealable order. The proper method of attacking the order of the trial court is by extraordinary writ.

*Gillman v. Mercantile Trust Co., Nat. Ass'n.*, 629 S.W.2d 441, 443 (Mo.App.1981).

■ In this case, however, the trial court dismissed the petition *with prejudice.* A dismissal with prejudice operates as an adjudication on the merits and "forever 'bars assertion of the same cause of action or claim against the same party.' Rule 67.-03." *Butler v. Circulus*, 557 S.W.2d 469, 480 (Mo.App.1977). Because a dismissal with prejudice finally disposes of a cause of action, it is appealable even though it is not a judgment upon the merits for all purposes. *Squaw Creek Truck Plaza v. State Highway & Transport. Comm.*, 636 S.W.2d 140, 141 (Mo.App.1982).

■ We thus have jurisdiction to consider the trial court's order on appeal. The trial court dismissed the action as improperly brought in the City of St. Louis under § 508.030 RSMo 1986. This is a venue statute.

Section 508.030, although mandatory as to the place of bringing an action affecting title to real estate, is, nevertheless, solely a venue statute. It does not restrict the trial and adjudication of defensive issues involving title to real estate to the county in which the real estate is situated. Neither does it restrict the general jurisdiction invested in circuit courts under the provisions of Article V, § 14 of the Constitution.

*Howell v. Reynolds,* 249 S.W.2d 381, 384 (Mo.1952) (citations omitted). Because venue was improper under § 508.030, the trial court should have transferred the action to the circuit court having proper venue under § 476.410, RSMo (Cum.Supp.1989).[1] Section 476.410 provides:

> The division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought.

This statute was enacted to enable a circuit court to transfer an improperly venued action and reflects a clear legislative intent that cases are not to be dismissed when filed in the wrong county. *See State ex rel. Missouri Highway and Transportation Commission v. Hedspeth,* 788 S.W.2d 342, 344 (Mo.App.1990).

Defendants urge that transfer is not required under *Johner v. Labor & Industrial Relations Commission,* 806 S.W.2d 475 (Mo.App.1991). That case, however, involved an appeal from an order dismissing a petition which was filed in a court which did not have subject matter jurisdiction of the cause of action. Plaintiff claimed on appeal that the trial court erred in not transferring the case to Cole County. The appeals court affirmed the dismissal holding that, where a court lacks subject matter jurisdiction, it can take no action other than to dismiss the petition. Because the dismissal was based on lack of jurisdiction and not venue, § 476.410 was not applicable. In this case, however, the dismissal was for lack of venue and § 476.410 applies.

At oral argument plaintiffs indicated that if this court should determine that the recission count should be transferred, they would agree to the transfer of the entire case. We therefore do not consider the issues raised relating to severance.

We reverse the order of the trial court and remand this case to the trial court for further proceedings consistent with this opinion.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.

---

1. Prior to the enactment of this statute, it would have been error for the trial court to have dismissed this action with prejudice. Where the sole ground for dismissal was improper venue, the trial court would have been required to dismiss the action without prejudice. *Squaw Creek,* 636 S.W.2d 140, 141–42 (Mo.App.1982).