STATE of Missouri, ex rel. DRAKE PUBLISHERS, INC., C.B. Lucci and Vincent Stephens, Relators,

v.

The Honorable Evelyn BAKER, Respondent.

No. 64030.

Missouri Court of Appeals, Eastern District, Writ Division Five.

Aug. 10, 1993.

Leonard J. Frankel, Vines, Jones, Ross, Kraner & Rubin, St. Louis, for relators.

Richard E. Schwartz, Richard Schwartz and Associates, St. Louis, Martin M. Green, Mitchell Alan Margo, Green, Hoffman & Dankenbring, Clayton, Melvin M. Belli, San Francisco, CA, Ronald L. Boggs, Boggs & Ritchey, St. Charles, for respondent.

CRANE, Presiding Judge.

Relators, Drake Publishers, Inc., Vincent Stephens, and C.B. Lucci, seek a writ of prohibition prohibiting respondent, The Honorable Evelyn Baker, from proceeding with an invasion of privacy action in the City of St. Louis, denominated *Berry v. Drake Publishers, Inc. et al.*, against relators, who are non-resident defendants. We now make our preliminary writ permanent because venue is improper in the City of St. Louis and the action should be transferred to the Circuit Court of St. Charles County.

The underlying action was originally filed in San Francisco County Superior Court in California. The California court stayed the proceedings on the ground of forum non conveniens until all defendants submitted to personal jurisdiction in Missouri because "Missouri appears to be the appropriate forum for resolution of this action."

Berry thereafter filed his two-count petition in the City of St. Louis against Drake Publishers, Inc., a New York corporation;

its Editor–in–Chief, Vincent Stephens, a New York resident; its Executive Editor, C.B. Lucci, also a New York resident (hereinafter collectively referred to as "relators"); and Vincent Huck, a St. Charles County resident. The petition alleges that relators published the January 1990 issue of *High Society* magazine, which contained eight personal, private and confidential photographs of Berry posing with unidentified nude women; that this issue was first published in New York City, New York; and that the magazine had a circulation of more than 500,000 in the United States and several foreign countries. The petition further alleges that relators purchased these photographs from defendant Huck.

After defendant Huck filed a separate answer, relators filed a motion to change venue on the ground that venue in the City of St. Louis was improper under § 508.010 RSMo 1986. The trial court denied relators' motion, finding that the action could be filed in any county of the state. Relators subsequently filed a petition for a writ of prohibition and this court granted a preliminary order in prohibition.

## I. PROHIBITION

■ As a preliminary matter respondent argues that the enactment of § 476.410 RSMo (Cum.Supp.1989) made venue nonjurisdictional and therefore a writ of prohibition is not an available remedy. This argument rests on erroneous assumptions about the nature of venue.

■ "Normally, venue and jurisdiction are independent terms, having separate and distinct meanings. Venue means the place where a case is to be tried, and jurisdiction relates to the power of the court to hear and determine the case." *Sullenger v. Cooke Sales & Serv. Co.*, 646 S.W.2d 85, 88 (Mo. banc 1983). However, proper venue is a condition precedent to valid service of process and jurisdiction. *Id.* Prohibition may be used to challenge a trial court's jurisdiction *or* its venue. *State ex rel. Mitchell v. Dalton*, 831 S.W.2d 942, 943 (Mo.App.1992). Lack of venue is a defect which authorizes issuance of prohibition. *State ex rel. Missouri Highway &*

*Transp. Comm'n v. Hedspeth*, 788 S.W.2d 342, 344 (Mo.App.1990).

Prior to the enactment of § 476.410, prohibition could be used to require the trial court to dismiss an action if venue was improper. *Abney v. Niswonger*, 823 S.W.2d 31, 33 n. 1 (Mo.App.1991). The enactment of § 476.410 "reflects a clear legislative intent" that trial courts no longer dismiss cases for improper venue but instead transfer the action to a circuit court where venue is proper. *Id.* at 33. Accordingly, if venue is improper in the county in which an action is brought, prohibition now lies to bar the trial court from taking any further action except to transfer the case to the county of proper venue. *Highway & Transp. Comm'n*, 788 S.W.2d at 344–45.

## II. VENUE

■ Because there are individual as well as corporate defendants, Missouri's general venue statute, § 508.010, applies in this case. It states in relevant part:

Suits instituted by summons shall, except as otherwise provided by law, be brought:

. . . . .

(3) When there are several defendants, some residents and others nonresidents of the state, suit may be brought in any county in this state in which any defendant resides;

(4) When all the defendants are nonresidents of the state, suit may be brought in any county in this state;

. . . . .

(6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, and process therein shall be issued by the court of such county and may be served in any county within the state; provided, however, that in any action for defamation or for invasion of privacy the cause of action shall be deemed to have accrued in the county in which the defamation or invasion was first published.

The question before us is which of these provisions governs venue in this case. Re-

lators' principal argument is that since publication first occurred in the State of New York, and not in any county of this state, the cause of action did not accrue in this state and therefore subsection (6) does not apply. They contend subsection (3) applies because they are non-residents and defendant Huck is a resident of St. Charles County.

Respondent argues that "the county in which the defamation or invasion was first published" refers to the county in Missouri where the item first appeared, irrespective of whether the item was first published in another state. Under this rationale respondent argues that because Berry attested that he first found the magazine on newsstands in the City of St. Louis, first publication occurred in the City of St. Louis and venue would lie in the City of St. Louis under subsection (6).[1]

Venue in Missouri is determined solely by statute, the purpose of which is to provide a convenient, logical, and orderly forum for litigation. *State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 196 (Mo. banc 1991). Subsection (6) of § 508.-010 provides that tort actions may be brought in the county where the cause of action "accrued." For venue purposes a cause of action "accrues" at the place where the wrongful conduct causing injury or damage occurred. *State ex rel. Gerber v. Mayfield,* 365 Mo. 255, 281 S.W.2d 295, 296–97 (banc 1955). The statute specifically provides that in defamation or invasion of privacy actions the cause of action accrues in the county where the defamation or invasion was first published. § 508.-010(6); *State ex rel. Allen v. Barker,* 581 S.W.2d 818, 826 (Mo. banc 1979); *Litzinger v. Pulitzer Publishing Co.,* 356 S.W.2d 81, 84–85 (Mo.1962) *cert. denied,* 374 U.S. 831, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963); *see also Finnegan v. Squire Publishers,* 765

S.W.2d 703, 705 (Mo.App.1989).[2] In invasion of privacy actions, "publication" means "communication to the public in general or to a large numbers of persons, as distinguished from one individual or a few." *Corcoran v. Southwestern Bell Tel. Co.,* 572 S.W.2d 212, 215 (Mo.App.1978).

In deciding where a defamation or invasion of privacy was first published for venue purposes, Missouri courts have looked to the location where the defamation or invasion was originally issued. *Barker,* 581 S.W.2d at 826; *Litzinger,* 356 S.W.2d at 84. A libel published in single edition of a newspaper, even though widely distributed, affords only one cause of action and that cause of action can only accrue in one county. *Litzinger,* 356 S.W.2d at 84–85. When venue is based on accrual of a defamation or invasion of privacy action, venue is specifically limited to the county where first publication occurred and is not proper in other counties where the publication may have been circulated or distributed. *Id.* at 86. Courts "may not ignore the origin of the first publication and arbitrarily fix its genesis at that moment when it invaded [plaintiff's] own county." *Id.*

*Litzinger* and the other Missouri supreme court cases all apply to a resident publisher where first publication has occurred in Missouri. These cases determine where a cause of action accrues for venue purposes *among* Missouri counties. In this case Berry alleges the magazine was first published in New York City. Missouri courts have not determined where a defamation or invasion of privacy action accrues when a nonresident publisher allegedly defames or invades the privacy of a Missouri resident in an out-of-state publication. We hold that the *Litzinger* rule, that

---

1. Neither party argues in support of the trial court's finding that the action could be properly filed in any county of the state. Such a finding would only be appropriate where all defendants are non-residents of Missouri. § 508.010(4).

2. *Finnegan* holds that for the purposes of Missouri's borrowing statute, a cause of action for libel per se originates in the state of first publi-

cation. *Finnegan,* 765 S.W.2d at 704. The court in *Finnegan* acknowledged the line of venue cases holding that a cause of action accrues in the county in which the defamation was first published, but did not rely on them to reach its result because of the different purposes served by borrowing statutes and venue statutes. *Id.* at 705.

a cause of action accrues at the principal place of publication, applies equally to an out-of-state publication. This result avoids the arbitrary creation of a fictional "first publication" condemned by *Litzinger*. We accordingly construe subsection (6) to govern venue only in those cases in which the cause of action has accrued in Missouri. If the cause of action has accrued in another state, other venue provisions govern.

In this case the alleged cause of action for invasion of privacy accrued in New York and subsection (6) does not govern venue. Under § 508.010, where the action has not accrued in Missouri and the defendant publisher is a nonresident, then either subsection (3) or subsection (4) applies. In this case subsection (3) governs because one defendant is a Missouri resident and the other defendants are nonresidents. Under subsection (3) venue is proper in St. Charles County because that is the residence of defendant Huck, the only Missouri resident named as a defendant in the underlying cause of action.

The preliminary writ of prohibition is made permanent and the respondent is directed to take no further action in *Berry v. Drake Publishers, Inc. et al.* except to transfer it to the Circuit Court of St. Charles County pursuant to § 476.410.

KAROHL, and AHRENS, JJ., concur.