Scott Walter, Clayton, for relator.

William Wunderlich, High Ridge, for respondent.

**Alice Michele BROOKS a/k/a Alice Michele Gregory, Relator,**

v.

**The Honorable Michael W. BROWN, Judge of the Circuit Court of Franklin County, Missouri, Division 7, Respondent.**

No. 53887.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 9, 1988.

DOWD, Presiding Judge.

Relator seeks a writ of prohibition ordering the circuit court to vacate its order requiring relator to undergo a mental examination in accordance with Rule 60.01(a). Our preliminary order in prohibition is made absolute.

Included in relator Gregory and defendant Brooks' divorce decree was an order awarding Brooks certain visitation rights and requiring Gregory to cooperate with certain Internal Revenue Service investigations. On May 28, 1986, Brooks filed a motion for an order to show cause alleging Gregory was interfering with his visitation rights and not cooperating with the Internal Revenue Service investigations. The circuit court issued a show cause order against Gregory. On December 12, 1986,

Gregory filed a motion to modify the divorce decree and requested Brooks' visitation rights be terminated because of alleged improprieties.

On February 6, 1987, Brooks filed a motion for mental examination of Gregory. The circuit court issued an order on October 16, 1987 compelling Gregory to submit to a mental examination on the grounds of the best interest of the children and that her mental condition is relevant to the issues raised. The order required Gregory to undergo a psychological examination by Wayne Stillings, M.D. and Ann Duncan, Ph.D. Gregory filed with this court her petition for writ of prohibition, and we issued a preliminary order in prohibition.

Rule 60.01(a) empowers a court to order a party to a lawsuit to undergo a mental examination. A court must find the party's mental condition is in controversy and a showing of good cause before ordering the party to undergo a mental examination by a physician. Rule 60.01(a).

Applying this rule to the case at bar, we find the circuit court's order does not comply with the strictures of the rule. The burden of showing the party's mental condition is in controversy and good cause shown has not been met by respondent. Our research has not disclosed any cases on point in our jurisdiction, but the case, *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), defines good cause shown for Federal Rule 35. Fed.R.Civ.P. 35. The rule's good cause and in controversy requirements are not met by mere conclusory allegations of the pleadings nor by merely showing the desired information to be obtained from the examination is relevant. *Id.* at 242. The rule requires a greater showing of need than under the other discovery rules and a greater showing of need than relevancy. To satisfy the good cause and in controversy requirements, the party requesting the examination must affirmatively show "that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for order-

ing each particular examination." *Id.* at 242–43.

Relator's mental condition was sought to be placed in issue by respondent. Gregory did not assert her mental condition either in support of or in defense of a claim, and therefore, Brooks needed to affirmatively establish the existence of the rule's requirements of in controversy and good cause. A review of the transcript from the hearing on August 21, 1987 shows Brooks failed to overcome his affirmative burden. The only allegations in the hearing relating to relator's mental condition were mere conclusionary statements made by Brooks. At the hearing on the motion the only evidence he presented was his own personal testimony. This record cannot support even an order for a mental examination by a physician much less a mental examination by a physician and a non-physician.[1] We conclude Brooks was not able to overcome his affirmative burden, and therefore, the circuit court improperly issued an order requiring relator to undergo a mental examination.

Accordingly, the writ of prohibition is made absolute.

PUDLOWSKI and KELLY, JJ., concur.

---

**1.** Clearly an examination by a non-physician is not permitted by Rule 60.01(a). *Givan v. Adolf,* 723 S.W.2d 942, 944 (Mo.App.1987).