**STATE of Missouri, ex rel. WASHINGTON UNIVERSITY, Relator,**

v.

**The Honorable James J. GALLAGHER, Presiding Judge, 22nd Judicial Circuit, St. Louis, Missouri, Respondent.**

**No. 58139.**

Missouri Court of Appeals,
Eastern District,
Writ Division Four.

Aug. 21, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 27, 1990.

Application to Transfer Denied
Nov. 20, 1990.

Gordon L. Ankney, Patrick J. Hagerty, St. Louis, for relator.

Mary Coffey, St. Louis, for respondent.

GRIMM, Presiding Judge.

Relator Washington University seeks a writ of mandamus. The issue involves Rule 60, Physical and Mental Examination of Persons, as it relates to Rule 56, General Provisions Governing Discovery. We issued a preliminary writ, which we now make permanent.

### I. Underlying Action

Plaintiff in the underlying action was a female student at Washington University. Her petition alleges she was sexually assaulted in a dormitory laundry room in February, 1986. The three defendants are the University, the owner of the dormitory who leased it to the University, and a janitorial company.

Pursuant to Rule 60.01(a), University sought an examination of plaintiff by a psychiatrist. The examination occurred March 2, 1990. Plaintiff promptly filed a motion to compel, seeking an order directing University to produce a copy of the psychiatrist's report. Her motion also sought an order that "by requesting and receiving the report, or by taking the experts' deposition, plaintiff does not waive her right to non-disclosure of consulting witnesses."

On March 13, 1990, the motions were taken up. The court ordered the University to produce the report by March 15. The court further "ordered that by requesting and receiving the report, Plaintiff does not waive and is not required to reveal consult-

ing experts who may have examined Plaintiff for mental/emotional conditions but are not intended to be called as a testifying expert."

In compliance with respondent's order, University furnished a copy of the psychiatrist's report to plaintiff. University then sought this writ of mandamus. It asks that we order respondent to order plaintiff to divulge the identities and reports of all examiners who saw plaintiff for the same condition.

## II. Rules 56 and 60

■ Mandamus "is appropriate to review a trial court's sustention of discovery objections." *State ex rel. Southwestern Bell Publications v. Ryan,* 754 S.W.2d 30, 32 (Mo.App.E.D.1988). And, disputes arising under Rule 60.01 may be resolved by extraordinary writs. *See e.g., Brooks v. Brown,* 744 S.W.2d 881 (Mo.App.E.D.1988).

Plaintiff in the underlying action, on respondent's behalf, contends that Rule 56.01 "defines what may be obtained under all methods of discovery." In support, she cites *State ex rel. State Farm Mutual Auto. Ins. Co. v. Keet,* 601 S.W.2d 669, 672 (Mo.App.S.D.1980). She argues that Rule 56.01(b)(4) permits only discovery of expert witnesses expected to be called at trial. Thus, she contends, she need not furnish reports from experts she does not intend to call as witnesses.

University, on the other hand, contends that respondent abused his discretion in granting the protective order. It argues that Rule 60.01 requires a plaintiff to produce reports of prior examinations when plaintiff requests a copy of a Rule 60.01 report and the report is delivered.

Rule 60.01(b)(1) provides:

If requested by the party against whom an order is made under Rule 60.-01(a) or the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings, including results of all tests made, diagnosis and conclusions, together with like reports of all earlier examinations of the same condi-

tion. After delivery the party causing the examination shall be entitled upon request to receive from the party against whom the order is made a like report of any examination, previously or thereafter made, of the same condition. . . .

Rule 60.01(b)(2) provides:

By requesting and obtaining a report of the examination so ordered . . ., the person examined waives any privilege he may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same mental or physical condition.

We first observe that Rule 56.01 sets forth the general provisions governing discovery. Rule 56.01(b)(4) concerns experts and provides discovery of facts known and opinions of experts may be obtained in only two ways. First, through interrogatories, identification of the expert may be obtained. Second, through deposition, the facts and opinions of the expert may be obtained.

Plaintiff contends the "exclusive method of discovery of expert witnesses is found in Rule 56.01(b)(4)." She relies on *State ex rel. Missouri Highway and Transportation Comm'n v. Anderson,* 735 S.W.2d 350, 356 (Mo. banc 1987). In *Anderson,* our supreme court considered whether subpoenas duces tecum could be issued to two real estate appraisers. There, the court said: "if the matter sought to be discovered constitutes 'facts known and opinions held by experts,' Rule 56.01(b)(3) does not come into play at all and the exclusive methods of discovery of that matter are set forth in and limited by Rule 56.01(b)(4)." *Id.*

The holding in *Anderson* is correct in its context. There, the experts were not physicians, but real estate appraisers. Rule 56.01(b)(4) is the exclusive method for discovery of experts, except when Rule 60.01 is applicable. Since *Anderson* did not involve physical or mental examinations, Rule 60.01 was not applicable.

Here, however, the discovery involves medical experts. Thus, the holding of *Anderson* is not applicable to the facts before us.

Rule 60.01 applies only to physical and mental examinations. The rule provides that those examinations are conducted by a physician. In situations where a party has a Rule 60.01 examination, Rule 60.01(b)(4) establishes a method for obtaining a report of that examination. The rule also imposes duties if a party requests such a report.

If we were to read Rule 60.01(b) as plaintiff suggests, Rule 60.01(b) would be meaningless. Under plaintiff's position that Rule 56.01 is the sole rule controlling disclosure of experts, University could obtain information from plaintiff's experts only by way of (1) interrogatories and (2) deposition. Yet, the very wording of Rule 60.-01(b) provides that the parties may request, and shall be furnished "a copy of a detailed *written report* of the examining physician setting out his *findings,* including results of all tests made, *diagnosis* and *conclusions,* together with like *reports* of all earlier examinations of the same condition." (emphasis added).

Here, plaintiff filed a "Motion to Compel Production" of the psychiatrist's report. Although she did not identify that her motion was filed under Rule 60.01, that rule was the basis for her motion. We reach this conclusion on two bases. First, plaintiff filed a "Motion to Compel Production." Such a motion would be inappropriate under Rule 56.01(b)(4). Under that rule, a party can proceed only by way of (1) interrogatories and (2) deposition.

Second, plaintiff sought "a copy of the psychiatrist's report." Rule 60.01(b) requires such a report be furnished; Rule 56.01(b)(4) does not.

Our position is further supported by commentators. *See* 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2029, at 250 and § 2032, at 255 (1970); 4A J. MOORE, J. LUCAS & D. EPSTEIN, MOORE'S FEDERAL PRACTICE, § 35.07, at 35–28 and 35–29 (1984).

We apply Rule 60.01(b)(1) to the facts here. University sought and obtained an examination of plaintiff under Rule 60.01. Plaintiff then filed a request for a copy of the examining physician's report. When University furnished a copy of that report to plaintiff, University was then entitled to receive "a like report of any examination ... of the same condition."[1] *Id.*

### III. Like Report

■ The parties disagree as to what constitutes a "like report." University contends it is entitled "to a report of *any* examination by any other person before or after [the psychiatrist's] examination." (University's emphasis). On the other hand, plaintiff contends Rule 60.01(b)(1) limits the reports "to reports of examining *physicians.*" (Plaintiff's emphasis).

Rule 60.01(a) makes clear that a "physician or physicians" must conduct the Rule 60.01(a) examination. As this court said in *Givan v. Adolf,* 723 S.W.2d 942, 943 (Mo.App.E.D.1987), our rule does "not authorize an order for examination by a non-physician." *See also Brooks v. Brown,* 744 S.W.2d 881, 882 (Mo.App.E.D.1988). In this respect, our rule differs from Federal Rule 35. In 1988, Congress amended the federal rule to include examinations by licensed psychologists.

Who conducts the Rule 60.01(a) examination, however, does not answer the question as to what reports the University should receive from plaintiff. Rule 60.-01(b)(1) speaks of "a like report of any examination."

---

1. Plaintiff says in her brief that she "does not contest the holding in *Weir v. Simmons,* 233 F.Supp. 657 (D.C.Neb.1964) that moving to compel production should be considered a request for a report." However, she contends conversations, not before us or of record, should be sufficient to constitute the withdrawal of her request. We disagree. Respondent's order remained in effect.

University's counsel mailed the psychiatrist's report to plaintiff's counsel on March 14. On March 15, plaintiff's counsel faxed a letter to University's counsel; in part it said: "If you are filing a writ on Judge Gallagher's order of 3/13/90, I don't want the psychiatrist's report pending determination of the writ."

We were not referred to any decisions to aid us in making this determination. However, in examining the wording of Rule 60.01(a) and (b)(1), we conclude "a like report of any examination" includes only written reports of physicians. We reach this conclusion because those portions of Rule 60.01 refer only to examinations and reports of physicians; no other experts are mentioned in those sections. We also observe that in both § 2237 of Federal Practice and Procedure and § 35.06 of Moore's Federal Practice, *supra*, no mention is made of the exchange of any reports other than physicians' reports.

Plaintiff, therefore, is obligated to turn over to University any physician's reports concerning the same condition for which plaintiff was examined by the psychiatrist.

### IV. Waiver of Privilege

Although plaintiff is obliged to furnish only physicians' reports, this does not end the matter. We must also consider the waiver of privilege in Rule 60.01(b)(2). This rule provides that when a party requests and obtains a report of the examination, "the person examined waives any privilege he may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same mental or physical condition."

In our earlier discussion of Rule 60.01(a) and (b)(1), we noted that all references were to examinations by, and reports of, physicians. We concluded that those rules apply only to physicians.

Physicians are not mentioned, however, in Rule 60.01(b)(2). Instead, the rule refers to "every other *person*." (emphasis added). Also, the rule says the person examined "waives *any* privilege" he may have regarding the testimony of every other person who has examined him for the same mental or physical condition. (emphasis added).

As a result of these differences, clearly the waiver in Rule 60.01(b)(2) is not limited to testimony of physicians. Rather, the person examined "waives any privilege" regarding the testimony of every person who has conducted an examination of the same mental or physical condition. Thus, if plaintiff has been examined by a psychologist for the same mental or physical condition, plaintiff has waived any privilege she has concerning that psychologist.

We note the waiver in Rule 60.01(b)(2) applies only to persons who have "examined or may thereafter examine" an individual. Thus, if an attorney consults with a physician or psychologist and that consultant does not examine the client, there would be no waiver as to that consultant under Rule 60.01(b)(2).

### V. Conclusion

Accordingly, our preliminary order is made permanent and respondent is directed to vacate that portion of his March 13, 1990, order stating that plaintiff "does not waive and is not required to reveal consulting experts who may have examined Plaintiff for mental/emotional condition but are not intended to be called as a testifying expert."

CARL R. GAERTNER, J., and JOSEPH J. SIMEONE, Senior Judge, concur.