**CENTURY FINANCIAL SERVICES GROUP, LTD., Plaintiff/Appellant,**

v.

**Thomas E. ROCHE, Defendant/Respondent.**

No. 66121.

Missouri Court of Appeals,
Eastern District,
Division Six.

April 25, 1995.

---

Vincent D. Vogler, Jr. & Rebecca Hohe, Vogler & Associates, St. Louis, for appellant.

Ervin D. Davis & E. Darrell Davis, Davis & Schroeder, St. Charles, for respondent.

Before GRIMM, C.J., and CRANDALL and WHITE, JJ.

PER CURIAM.

Plaintiff, Century Financial Services Group, Ltd., a corporation, brought an action against defendant, Thomas E. Roche, seeking injunctive relief, return of property, an accounting, and damages. Although the record is not clear, arguably the trial court entered a ruling denying plaintiff injunctive relief, but failed to specifically enter judgment on the remaining issues. Plaintiff appeals from that ruling.[1] We dismiss the appeal.

Although neither party raises the issue of appellate jurisdiction, it is our duty to do so *sua sponte*. *Haugland v. Parsons*, 827 S.W.2d 285, 286 (Mo.App.1992). An appellate court has jurisdiction only over final judgments. *Id.* In the absence of a specific designation in conformity with language of Rule 74.01(b), a judgment is final and appealable only when it disposes of all the issues for all parties and leaves nothing for future determination. *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo.App.E.D.1993).

Here, the trial court's ruling did not dispose of all issues. Thus the trial court's ruling is not a final judgment and we are without jurisdiction to hear the appeal.

Appeal dismissed.

---

1. The petition seeking a *permanent* injunction is not in the legal file. Although the trial court entered an order consolidating the hearing on the preliminary injunction with that of the permanent injunction, the specific ruling only denied plaintiff's petition and motion for temporary restraining order and preliminary injunction.