Scott HOEWING, Individually and as Personal Representative of the Estate of Wayne Hoewing, a/k/a Donald Wayne Hoewing, Deceased; and Mark A. Hoewing, Plaintiffs/Appellants,

v.

Yvonne HOEWING–KURZ,
Defendant/Respondent.

No. ED 77424.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 10, 2000.

J. Patrick Wheeler, Canton, for appellant.

William E. Alberty, Edina, for respondent.

Before ROBERT G. DOWD, Jr., P.J., MARY RHODES RUSSELL and RICHARD B. TEITELMAN, JJ.

PER CURIAM.

Scott and Mark Hoewing ("sons"), residual beneficiaries of Wayne Hoewing's ("father") will, appeal from the judgment of the Lewis County Circuit Court dismissing their petition for declaratory judgment. We dismiss the appeal in that the trial court's dismissal without prejudice for improper venue is not a final appealable judgment as the action may be re-filed in the probate division.

Father executed his Last Will and Testament on July 8, 1982. At the time of the will's execution he was married to Yvonne Hoewing–Kurz ("former wife"), however, their marriage was later dissolved. At the time of father's death, he and former wife jointly owned property that constituted approximately 5 percent of his taxable estate.

Former wife refused to pay any of the estate taxes stating that Article Seven of father's will provided that all death taxes were to be paid by the estate, "whether or not such property passes under this will...."

Sons filed a petition for declaratory judgment in the Circuit Court of Lewis County, stating that former wife was constructively dead according to Section 474.420 RsMo 1994[1] and, therefore, all

---

1. All further statutory references are to RSMo 1994 unless otherwise indicated.

benefits to her under the will were extinguished. Sons further asked the trial court to apportion the estate taxes and award a judgment in their favor for the amount of taxes as set forth in their pleadings.

Former wife filed a motion to dismiss stating that sons' petition for declaratory judgment required the court to construe father's will, an action in the exclusive jurisdiction of the probate division of the circuit court. The trial court entered an order and judgment sustaining defendant's motion to dismiss. This appeal follows.

Sons' four points relied on all state that the trial court erred in dismissing their suit. We will only address the first point regarding the jurisdictional issue as the remaining points are moot in light of our disposition.

Father's will, of which sons are beneficiaries, had been admitted to the probate division of the Lewis County Circuit Court. Sons, however, filed their declaratory judgment action in the circuit court.

■ Missouri courts reject attempts to bring various causes of action that are, in reality, attempts to circumvent the validity of a probated will. *Brandin v. Brandin,* 918 S.W.2d 835, 839 (Mo.App.1996).

■ Sons, who were asking the trial court to determine which party was responsible for paying the estate taxes pursuant to the terms of father's will, were, in fact, seeking to have their father's will construed. This request necessarily requires us to consider and construe Article Seven of the will to establish father's intent.

Construction of a will is one of the matters that section 472.020 defines as within the jurisdiction of the probate division:

The probate division of the circuit court may hear and determine all matters pertaining to probate business, to granting letters testamentary and of administration, the appointment of guardians and conservators of minors and incapacitated and disabled persons, settling the accounts of personal representatives and conservators, and the sale or leasing of lands by personal representatives and conservators, including jurisdiction of the construction of wills as an incident to the administration of estates....

This statute grants the probate division exclusive jurisdiction over all the enumerated probate matters. *Graham v. Manche,* 974 S.W.2d 580, 584–85 (Mo.App. 1998). Thus, the court was correct in its finding that the probate division had exclusive jurisdiction over this matter.

■ The dismissal, however, did not specifically state if it was with or without prejudice. When the trial court does not so state in its judgment, the dismissal is deemed to be without prejudice. Rule 67.03. Therefore, this dismissal was without prejudice.

■ A dismissal without prejudice is generally not an adjudication on the merits because the plaintiff is allowed to re-file his petition. *Waltrip v. Davis,* 899 S.W.2d 147, 148 (Mo.App.1995). Thus, the general rule is that a dismissal without prejudice is not a final judgment and it is not appealable. *Chromalloy Am. Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997).

■ The trial court's dismissal was based on the suit being filed incorrectly in the circuit court, rather than in the probate division. A dismissal for improper venue is not a judgment on the merits of the claim and, therefore, is not appealable. *Abney v. Niswonger,* 823 S.W.2d 31, 32 (Mo.App.1991). It does not dispose of all parties and issues in the cause because a party is not precluded from bringing his claim in a forum that has proper venue. *Id.*

■ If the judgment is not final, the appellate court lacks jurisdiction to hear the appeal, and it must be dismissed. Section 512.020; *Century Fin. Servs. Group,*

*Ltd. v. Roche,* 896 S.W.2d 743, 744 (Mo. App.1995). Even if the parties fail to raise the issue of appellate jurisdiction, we are obligated to raise it *sua sponte. Century Fin. Servs. Group, Ltd.,* 896 S.W.2d at 744.

As the dismissal without prejudice for improper venue is not a final appealable judgment, we do not have jurisdiction to hear this appeal. Appeal dismissed.[2]

---

2. We note that section 476.410 provides: "[t]he division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought."