

# In the Missouri Court of Appeals
## Western District

STATE OF MISSOURI ex rel. N.N.H.,   )
By His Next Friend, R.S.A.,   )
                Relator,  )     WD79773
v.   )
   )
HONORABLE R. MICHAEL WAGNER,   )     FILED: November 29, 2016
JUDGE, 17th JUDICIAL CIRCUIT,   )
CASS COUNTY, MISSOURI,   )
           Respondent.  )

## ORIGINAL PROCEEDING IN PROHIBITION

### BEFORE WRIT DIVISION: LISA WHITE HARDWICK, PRESIDING JUDGE, KAREN KING MITCHELL AND GARY D. WITT, JUDGES

N.N.H. (Relator), by and through his next friend, R.S.A., filed a writ petition seeking to prohibit the Honorable R. Michael Wagner, judge of the 17th Judicial Circuit Court of Missouri (Respondent), from enforcing his order that Relator submit to a mental examination in relation to his request for a name change. We issued a preliminary writ of prohibition, which we now make absolute.

### FACTUAL AND PROCEDURAL HISTORY

Relator is a transgender minor whose gender identity is male. In July 2015, Relator filed a petition for change of name through his next friend, R.S.A., his

biological mother.  The petition sought to change his name from Natalie to Nathan.

Additionally, R.S.A. filed a consent to change of name.

On August 13, 2015, Respondent requested to speak with counsel for

Relator in chambers.  Respondent informed counsel that he would require the

appointment of a guardian ad litem before setting the matter for a hearing.  After

Relator refused to consent to the appointment of a guardian ad litem, Respondent

scheduled a hearing date.

At the hearing, Relator testified that he was fourteen years old and desired

to change his name to Nathan.  He felt the name change was in his best interest

and would not be detrimental to the interests of any other person.  He also stated

that his father was deceased.  R.S.A. testified that Relator had gone by the name

Nathan for approximately two years and was known by that name at school.  She

stated that the requested name change was in Relator's best interest and would

not be detrimental to the interests of any other person.

Following the testimony, Respondent engaged in colloquy with counsel,

Relator, and R.S.A.  Respondent restated his desire to appoint a guardian ad litem

and confirmed that Relator was opposed to such appointment.  In response to

Respondent's question as to whether the name change was "the child's idea,"

Relator responded, "Yes, this is fully my idea."  Respondent then stated that,

without a guardian ad litem, he would need more information to determine whether

the name change was in the child's best interest.  Respondent ordered Relator to

submit to a mental examination, stating:

2

I wanted a guardian ad litem appointed to do that investigation, but that wasn't -- again, that was objected to and that's your guys' right to object, so what I am going to do is order that the child submit to a mental evaluation . . . .

Relator subsequently filed a writ petition to prohibit Respondent from enforcing his order that Relator submit to a mental examination. Alternatively, Relator filed a petition for writ of mandamus to require Respondent to enter a judgment granting the name change. We issued a preliminary writ of prohibition.

STANDARD OF REVIEW

The extraordinary remedy of a writ of prohibition is available:

> (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*State ex rel. Mo. Pub. Def. Comm'n v. Pratte,* 298 S.W.3d 870, 880 (Mo. banc 2009). "'Prohibition may be used to 'undo' acts done in excess of a court's authority 'as long as some part of the court's duties in the matter remain to be performed' and may be used 'to restrain further enforcement of orders that are beyond or in excess of a [court's] authority. . . .'" *Id.* (quoting *State ex rel. Robinson v. Franklin,* 48 S.W.3d 64, 67 (Mo. App. 2001)).

Relator has the burden of establishing that Respondent exceeded his jurisdiction and that no adequate remedy is available by way of appeal. *State ex rel. Rosenberg v. Jarrett*, 233 S.W.3d 757, 760 (Mo. App. 2007). Whether the

3

Respondent has exceeded his authority is a question of law, which we review independently. *Pratte,* 298 S.W.3d at 881.

## ANALYSIS

In Point I, Relator contends Respondent exceeded his judicial authority when he *sua sponte* ordered Relator to submit to a mental examination in a name change action in contravention of Rule 60.01 and Section 510.040.[1]

A minor's name may be changed through the minor's petitioning, by and through a next friend, pursuant to Section 527.270 and Rule 95. Once a proper petition is filed, "it shall be the duty of the judge . . . to order such change to be made . . . if such judge is satisfied that the desired change would be proper and not detrimental to the interests of any other person." § 527.270. *See also* Rule 95.04. The circuit court's scope of discretion to deny a petition for a name change is narrow. *In Re Wheat*, 794 S.W.2d 710, 712 (Mo. App. 1990). "A general concern of possible detriment is insufficient to deny a petition for change of name in light of the obvious legislative intent that such a procedure be available." *Neal v. Neal*, 941 S.W.2d 501, 502-03 (Mo. banc 1997).

At the evidentiary hearing, Respondent expressed concerns as to whether Relator's requested name change was in his best interest. In response to these alleged concerns, Respondent ordered Relator to submit to a mental examination. Rule 60.01(a)(1) allows the court to order a mental examination in certain circumstances:

---

[1] All statutory citations are to the Revised Statutes of Missouri 2000.

4

In an action *in which the mental condition*, physical condition, or blood relationship of a party . . . *is in controversy*, the court in which the action is pending may order the party . . . to submit to physical, mental, or blood examinations by physicians or other appropriate licensed health care providers . . . .

(Emphasis added.) If the mental condition of a party is in controversy, the court may order a mental examination "only on motion for good cause shown, upon notice to the person against whom the order is sought and to all other parties." Rule 60.01(a)(3). Similarly, Section 510.040 also allows the court to order a mental examination in an action in which a party's mental condition is in controversy, good cause is shown, and notice is given to the party to be examined and to all other parties.

In this case, Respondent acted in contravention of Rule 60.01 and Section 510.040 by failing to establish that Relator's mental condition was in controversy. Respondent argues that Relator's mental condition was in controversy because "the testimony and demeanor of [Relator]" raised questions as to whether the child was being coerced to pursue the name change. Respondent further contends that, whether a party's mental condition is in controversy is "determined by the credibility and demeanor of the witnesses during the trial." A party's credibility, however, is a collateral issue that does not satisfy the requirement of putting the party's mental condition "in controversy" under Rule 60.01. *See State ex rel. C.S. v. Dowd*, 923 S.W.2d 444, 449 (Mo. App. 1996).

For a party's mental condition to be "in controversy," the condition must be "'directly involved in some material element of the cause of action or defense.'"

5

*Id.* at 448 (citation omitted). When the pleadings have not put a party's mental condition at issue, it must be affirmatively shown that the party's mental condition "'is really and genuinely in controversy and that good cause exists for ordering each particular examination.'" *Brooks v. Brown*, 744 S.W.2d 881, 882 (Mo. App. 1988) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). The rule requires a "greater showing of need than relevancy." *Id.*

Respondent asserts in his brief that his concerns about Relator's mental state were "clearly expressed on the record." We disagree. Respondent's concerns were merely conclusory statements and, as such, were insufficient to create a controversy with regard to Relator's mental condition in an action seeking a name change. *See Brooks*, 744 S.W.2d at 882. Pursuant to Section 527.270 and Rule 95.04, Missouri citizens are permitted have their name changed upon proof that the name change would be proper and would not be detrimental to any other person. The mental state of the party requesting the name change does not directly relate to any material element of the cause of action. Accordingly, Respondent has failed to demonstrate that Relator's mental condition was in controversy and, therefore, that he had the authority to order a mental examination.

Moreover, we note that the plain language of Rule 60.01 and Section 510.040 authorizes the court to order a mental examination only upon the filing of a motion and after notice is provided to the parties. These provisions do not authorize Respondent to order a mental examination on his own accord without

6

notice.  In this case, no motion was filed to request that Relator undergo a mental examination and no notice was provided to Relator.  Thus, Respondent exceeded the scope of his authority under Rule 60.01 and Section 510.040 by *sua sponte* entering the order requiring Relator to submit to a mental examination.

Respondent asserts that he was authorized to order a mental evaluation on his own motion because he was sitting as a family court judge under Chapter 487. Section 487.010 establishes family courts in the 7th, 13th, 16th, 21st, 22nd, and 31st Judicial Circuits.  While Section 487.010 also contemplates a process by which other circuits may designate a family court within their circuit, there is no evidence in the record that the 17th Judicial Circuit has designated such a court. Thus, Respondent's reliance on Chapter 487 is misplaced.

Finally, during oral argument Respondent argued for the first time that he had authority to order a mental examination pursuant to Rule 52.02(k).[2]  This rule allows the court to inquire into the mental or physical condition of a party in order to determine whether a guardian ad litem or next friend should be appointed to protect the party's own interests.  Rule 52.02(k) is inapplicable in this case, where

---

[2] Rule 52.02(k) provides:

> **Next Friend or Guardian Ad Litem for Mentally or Physically Infirm.**  Whenever it shall be suggested or affirmatively appear to the court that any person not having a duly appointed guardian is incapable by reason of mental or physical infirmity of instituting suit or of properly caring for the person's own interests in any litigation brought by or against such person, the court shall inquire into the person's mental or physical condition for the purpose of the particular litigation and shall hear and determine such issue.  If it is found to be proper for the protection of the person, the court may appoint a next friend or guardian ad litem for said person for the purpose of the particular litigation.

R.S.A. already serves as Relator's next friend. Furthermore, the rule does not permit the court to order a party to submit to a mental examination.

A preliminary order in prohibition should be made absolute when a relator can establish that the circuit court clearly exceeded its authority in ordering a mental examination under applicable law. *Dowd,* 923 S.W.2d at 449-50. Here, the record indicates that Respondent did not comply with the provisions of Rule 60.01 and Section 510.040 in ordering Relator to submit to a mental examination and, therefore, exceeded his authority. Relator's Point I is granted, and our preliminary writ is made absolute to prohibit enforcement of the order.

In Point II, Relator contends Respondent's order constitutes unlawful discrimination based on Relator's sex. Because we hold that Respondent exceeded his authority under Point I, we need not address Relator's constitutional arguments raised in Point II. In Point III, Relator contends he is entitled to a writ of mandamus requiring Respondent to enter judgment in the name change action. Because we did not grant a preliminary writ on the alternative request for mandamus relief, we will not address the arguments raised in Point III.

## CONCLUSION

Our preliminary order is made absolute to prohibit Respondent from enforcing his order for a mental examination. Relator's request for sanctions is denied.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

8