**STATE of Missouri EX REL. John W. WALLER and T. Scott Waller, Relators,**

v.

**The Honorable David B. TOBBEN, Respondent.**

**No. ED 105422**

Missouri Court of Appeals, Eastern District, Writ Division I.

Filed: May 30, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied July 13, 2017

Motion for Transfer to Supreme Court Denied October 5, 2017

Exhibit 1 as one agreement addressing the parties' respective obligations relating to the Parks Building.

Richard A. Wunderlich, Jacqueline K. Graves, Joseph E. Martineau, 600 Washington Ave. Ste. 2500, St. Louis, MO 63101, For Relator John W. Waller.

Douglas W. King, 1 N. Brentwood Blvd. Ste. 800, St. Louis, MO 63105, For Relator T. Scott Waller.

David L. Baylard, 30 South McKinley St., Union, MO 63084, Steven P. Kuenzel, 200 West, 200 West Main St. 2nd Fl., PO Box 228, Washington, MO 63090, For Respondent/Plaintiffs.

David P. Politte, 438 W. Front St., PO Box 2114, Washington, MO 63090, Guardian Ad Litem.

Colleen Dolan, Presiding Judge

## I. Introduction

John W. Waller (hereinafter "John") and T. Scott Waller (hereinafter "Scott")[1] (together "Relators") filed a petition for a writ of prohibition (1) ordering the Honorable David B. Tobben ("Respondent") to vacate the March 17, 2017, order appointing David Politte as a Guardian ad Litem (the "GAL") for John and (2) prohibiting Respondent from taking any action associated with the underlying claims unless the action is dismissing the claims. Respondent's order instructed the GAL to: (1) meet with John and evaluate his current mental competence, his mental ability to participate in the present case, and form a defense to this litigation, and (2) prepare a written evaluation for Respondent and the parties on John's present mental capacity. Our preliminary order in prohibition is made permanent, and we direct Respondent to vacate the order of March 17, 2017, and to dismiss the petition without prejudice.

---

1. T. Scott Waller is the son of John Waller. Because Relators are family members who share the same last name, we will refer to them by their first names for clarity and ease of reading. No disrespect is intended.

## II. Factual and Procedural History

On September 21, 2016, St. Clair Banc-shares Inc. and Farmers & Merchants Bank of St. Clair (hereinafter "Plaintiffs") filed a petition for declaratory judgment in the Circuit Court of Franklin County. In their petition, Plaintiffs alleged that on September 20, 2016, at the Annual Stock-holders meeting of St. Clair Bancshares Inc., Scott appeared and attempted to ten-der a proxy purportedly executed by John. P further alleged John was: "not compe-tent to execute said proxy and/or may have been under the undue influence of Scott Waller at the time of the execution of said proxy and for a considerable time prior thereto," "no longer mentally competent to serve as a director of Holding Company," and "[a] dispute exists as to the competen-cy of John Waller which is ripe for adjudi-cation[.]" [2]

Plaintiffs asked Respondent to enter a declaratory judgment declaring:

> [T]he state of mental competency of John Waller and further determining whether John Waller was mentally com-petent to execute the proxy referenced above and/or was under the undue influ-ence of Scott Waller at the time said proxy was executed; and further declar-ing whether the attempted actions of Scott Waller in attempting to vote the proxy were ineffectual and/or null and void[.]

Plaintiffs also filed a motion for an ap-pointment of a guardian ad litem under Rule 52.02(k) [3] stating: "For grounds of this motion, Plaintiffs state that, upon in-formation and belief, John Waller is men-tally incompetent and, therefore, the ap-pointment of a Guardian ad Litem is mandatory under Rule 52.02(k)[.]" [4]

On November 28, 2016, John filed a "Motion to Dismiss Petition for Declarato-ry Judgment and Response to Motion for Appointment of Guardian Ad Litem." In this motion, John asserted that Respon-dent did not have authority to declare him incompetent because this determination falls under the "exclusive jurisdiction" of the Probate Division. On December 5, 2016, Plaintiffs filed a notice of deposition, seeking to depose John. In response, John filed a motion to quash notice of deposi-tion, alleging that permitting Plaintiffs to take his deposition would be prejudicial and violate his rights and re-asserting that Respondent lacked authority to declare his competency. Respondent sustained this motion to quash. On January 19, 2017, Plaintiffs asked Respondent for leave to file an amended petition. Respondent di-rected Plaintiffs to file their first amended petition and, anticipating Plaintiffs would in fact file an amended petition, held that John's motion to dismiss the petition for declaratory judgment was moot. Plaintiffs

---

**2.** Plaintiffs further alleged that Relators are two of the five directors on the current board of directors for St. Clair Bancshares, Inc.—the holding company for Farmers & Mer-chants Bank of St. Clair.

**3.** All references to rules are to Missouri Su-preme Court Rules 2017.

**4.** Rule 52.02(k) provides: Next Friend or Guardian Ad Litem for Mentally or Physically Infirm. Whenever it shall be suggested or affirmatively appear to the court that any person not having a duly appointed guardian

is incapable by reason of mental or physical infirmity of instituting suit or of properly car-ing for the person's own interests in any liti-gation brought by or against such person, the court shall inquire into the person's mental or physical condition for the purpose of the par-ticular litigation and shall hear and determine such issue. If it is found to be proper for the protection of the person, the court may ap-point a next friend or guardian ad litem for said person for the purpose of the particular litigation.

did not file this amended petition.[5]

On March 17, 2017, Respondent heard the parties' competing motions.[6] Plaintiffs claimed they were not asking Respondent to declare John mentally incompetent under Chapter 475 RSMo.[7] Instead, Plaintiffs argued they were asking Respondent to determine whether John was mentally competent to execute the proxy for the September 20th Stockholders' meeting. John argued that (1) the trial court lacked authority to determine his mental competency because the Probate Division had exclusive jurisdiction over the issues raised in the petition; and (2) Rule 52.02(k), which Plaintiffs claim makes the appointment of a guardian ad litem "mandatory," cannot be used to adjudicate a person's competency.

After hearing oral arguments, in response to Plaintiffs' request for a guardian ad litem, Respondent requested John's appearance for an examination in court. John's attorney objected to the presence of Plaintiffs at the examination. The court did not grant or deny John's objection, instead, it attempted to schedule a time for the hearing that would work for all parties.

When it became clear that there was not a time that would work for all the parties to have such a hearing, Respondent appointed the GAL, who would visit with John and evaluate his current mental competence and his mental ability to participate in this case and formulate a defense to this litigation. Respondent described this appointment as "kind of analogous to what the responsibilities of an attorney for [John] in a probate guardianship case" would be. Respondent further ordered the GAL to provide Respondent and the parties with a written evaluation of John's "present mental capacity" and ordered John to meet with the GAL in his law offices.[8]

## III. Standard of Review

A writ of prohibition is an extraordinary remedy, and its issuance is only appropriate in one of three circumstances: "(1) to prevent the usurpation of judicial power when the trial court lacks jurisdiction; (2) to remedy an excess of jurisdiction or an abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not

---

5. Plaintiffs attached the amended petition to the motion for leave to file an amended petition and Relators included it in the exhibits in this case. The only substantive difference between the petition and the amended petition was the amended petition deleted the Plaintiffs' request for Respondent to determine the mental competency of John generally. The amended petition retained the allegations concerning the proxy and asked Respondent for a declaratory judgment on whether John was mentally competent at the time he executed the proxy.

6. The claims before Respondent at this point in time were Plaintiffs' original petition for declaratory judgment and motion for an appointment of a guardian ad litem under Rule 52.02(k). John filed a motion to quash Plaintiffs' renewed notice of deposition and a motion for a protective order "preventing further attempts to depose [John]." Scott's attorney

was also present and offered oral argument in support of John's arguments.

7. Under the Probate Code, following a petition for the appointment of a guardian ad litem or conservator against any person, for any grounds other than minority "the court, if satisfied that there is good cause for the exercise of its jurisdiction, shall promptly set a hearing." § 475.075.1 RSMo 2000. Under this statute the court may order an examination "by a physician or licensed psychologist or other appropriate professional designated by the court[.]" § 475.075.4 RSMo 2000.

8. The order went on to state that Plaintiffs withdrew their renewed notice of deposition in open court and John's motion to quash was therefore rendered moot. John's motion for a protective order was not addressed in the trial court's order following the hearing.

made available in response to the trial court's order." *State ex rel. Dep't of Soc. Servs., Div. of Children Servs. v. Tucker*, 413 S.W.3d 646, 647 (Mo. banc 2013). Here, we believe the trial court was without authority to enter the order in question. Since compelling a litigant to undergo a mental examination is an invasive act that cannot be remedied on appeal and would thus result in irreparable harm to the litigant, issuance of an extraordinary writ is appropriate. Although it is unusual to issue a writ of prohibition directing a court to dismiss a case, it is not unheard of." *See Lee v. Jamison*, 338 S.W.3d 844, 845 (Mo. App. E.D. 2011) (making permanent a writ of prohibition and ordering the trial court to dismiss a cause due to lack of standing by the plaintiff to bring the suit.). "A preliminary order in prohibition should be made absolute when a relator can establish that the circuit court clearly exceeded its authority[.]" *State ex rel. N.N.H. v. Wagner*, 504 S.W.3d 899, 903 (Mo. App. W.D. 2016).

## IV. Discussion

██ At the hearing, John asserted there was no claim presently pending before the court, therefore, the Plaintiffs' motion for an appointment of a guardian ad litem under Rule 52.02(k) should be dismissed. Plaintiffs responded that the original petition for a declaratory judgment of John's competence remained operative. In this petition Plaintiffs asked the court to declare the competency of John generally, and more specifically to declare whether John was competent to execute the proxy.

In their Suggestions in Support, Relators argue Respondent has no authority to appoint a guardian ad litem for John pursuant to Rule 52.02(k) under the facts alleged in the petition. Relators further argue the circuit court cannot declare John's general competency or mental capacity as this action lies within the "exclusive jurisdiction" of the Probate Division citing § 472.020 [9] and *Hoewing v. Hoewing-Kurz*, 28 S.W.3d 473, 475 (Mo. App. E.D. 2000).[10] Section 472.020 states: "The probate division of the circuit court may hear and determine all matters pertaining to probate business … [including] the appointment of guardians and conservators of minors and incapacitated and disabled persons … and … disability and incapacity proceedings[.]" In *Hoewing*, the plaintiffs filed a petition in circuit court asking the court to declare which party had to pay the estate taxes under a decedent's will. *Hoewing*, 28 S.W.3d at 474-475. The defendant filed a motion to dismiss, alleging the circuit court would have to interpret her deceased Husband's will and this act fell within the "exclusive jurisdiction" of the Probate Division. *Id.* at 475. The court agreed and granted her motion. *Id.* We affirmed, holding § 472.020 "grants the probate division exclusive jurisdiction over all the enumerated probate matters." *Id.* at 475. Under the statute, these matters include the appointment of guardians and conservators of minors and incapacitated and disabled persons. § 472.020.

██ Relators argue that Rule 52.02(k) cannot be used to declare a person incapacitated or incompetent. *Scott v. Scott,*

9. All statutory citations are to RSMo 2000 as updated through the most recent cumulative supplement, unless otherwise indicated.

10. The cases cited by Relators and this opinion were decided prior to the Supreme Court of Missouri's decision in *J.C.W. v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009) which clarified that a court's subject matter jurisdiction is more properly characterized as the court's authority to render judgment in a particular case. Thus any references to "exclusive jurisdiction" made by such cases should be read as referring to the court's authority to render judgment.

882 S.W.2d 295, 297 (Mo. App. E.D. 1994).[11] Under Rule 52.02(k) a court must inquire into the mental competency of parties for purposes of a particular litigation "if it affirmatively appears that a party . . . is mentally ill or incompetent [.]" *McGarry*, 423 S.W.2d at 208. "This rule allows the court to *inquire* into the mental or physical condition of a party in order to determine whether a guardian ad litem or next friend should be appointed[.]" *Wagner*, 504 S.W.3d at 903. (emphasis added). This is a two-step process that requires a court *first* inquire into a person's mental condition *and then* "make a determination whether to appoint a next friend or guardian ad litem[.]" 15 Mo. Prac., Civil Rules Practice § 52.02:7 (2016 ed.). A court does not have authority under Rule 52.02(k) to appoint a guardian ad litem to make the determination of whether a person is mentally competent. *Wagner*, 504 S.W.3d at 903 ("[Rule 52.02(k)] does not permit the court to order a party to submit to a mental examination.").[12]

 Additionally, Plaintiffs' specific request for a determination of whether John was competent to execute the proxy for the September 20th Stockholder's meeting is moot. The proxy can no longer be used because it was limited to the Stockholder's meeting set for September 20, 2016—a meeting that passed without a vote. "It is well-settled that Missouri courts do not determine moot cases. A moot case raises the issue of justiciability, and courts may dismiss a moot case *sua sponte*. A question is justiciable only when the judgment will declare a fixed right, and will accomplish a useful purpose." *Grzybinski v. Dir. of Revenue*, 479 S.W.3d 742, 745 (Mo. App. E.D. 2016) (internal citations omitted). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Kinsky v. Steiger*, 109 S.W.3d 194, 195 (Mo. App. E.D. 2003).

We hold Respondent was without authority to enter an order appointing a guardian ad litem under Rule 52.02(k) to determine the current mental competency of John. *See Scott*, 882 S.W.2d at 297. The relief sought by Plaintiffs should have been brought in the Probate Division of the Circuit Court. *See Hoewing*, 28 S.W.3d at 475 (explaining that § 472.020 "grants the probate division exclusive jurisdiction over all enumerated probate matters," which include "disability and incapacity proceedings[.]"). Additionally, Plaintiffs' alternative plea for a declaratory judgment that John was not competent to execute a proxy, that he was under the undue influence of Scott at the time said proxy was executed, and Scott's actions in attempting to vote said proxy were ineffectual and/or

11. In *Scott*, two sons filed a petition in the Circuit Court of St. Louis County, claiming their father was incapacitated and alleged that his physical and mental health deteriorated rapidly due to dementia and Alzheimer's. *Id.* at 296. Our Court held the circuit court proceedings declaring the father to be incapacitated were invalid, stating that Rule 52.02(k) does not cover litigation to have a person adjudicated incapacitated and holding that the authority to appoint guardians is purely statutory. *Id.* at 297. Our Court went on to hold that § 475.075 of the probate code required personal service over the alleged in-competent in order for the court to acquire authority to hear the case. *Id.* at 298.

12. The trial court is allowed to order a party to submit to a mental examination under Rule 60.01(a) or § 510.040, neither of which would allow for Mr. Politte—an attorney—to perform the evaluation. *See* Rule 60.01(a) (permitting "physicians or other appropriate licensed health care providers" to examine a party's mental condition); *see* § 510.040 (allowing "a physician, chosen by the party requesting the examination" to evaluate a party's mental condition).

**28**

null and void are moot and must be dismissed.

### V. Conclusion

For the foregoing reasons, the preliminary order in prohibition is made permanent, and we direct Respondent to vacate the order of March 17, 2017, and to dismiss Plaintiffs' petition without prejudice.

Lisa S. Van Amburg, J., concurs.

Sherri B. Sullivan, J., concurs.