

# In the Missouri Court of Appeals
# Eastern District

**SOUTHERN DIVISION**

CARL WATKINS AND MATTHEW
WATKINS, LIMITED CO-GUARDIANS
AND FULL CO-CONSERVATORS FOR
RICHARD WATKINS,

    Appellant,

vs.

GOOSE CREEK LAKE TRUSTEES, INC.

    Respondent.

)  No. ED107966
)
)
)
)
)
)
)  Appeal from the Circuit Court of
)  St. Francois County
)  Cause No. 10SF-CC00255
)
)  Honorable Robin E. Fulton
)
)  Filed: April 21, 2020

## OPINION

Carl and Matthew Watkins, as limited co-guardians of Richard Watkins ("Appellant")

and full co-conservators of his estate,[1] appeal the trial court's judgment dismissing Appellant's

claims against Goose Creek Lake Trustees, Inc. ("Respondent") and entered in Respondent's

favor on Respondent's counterclaims against Appellant. Appellant raises three points on appeal.

In his first point, Appellant argues that the trial court erred in awarding attorney's fees to

---

[1] After the judgment was entered, the probate division of the circuit court found that Richard Watkins had been diagnosed with dementia and Parkinson's syndrome, and the court adjudicated him partially incapacitated and partially disabled. Carl Watkins was appointed as limited guardian of Appellant's person and limited conservator of his estate. Shortly after the notice of appeal was filed, this Court substituted Carl Watkins in his capacity as limited guardian and limited conservator for Richard Watkins. On February 26, 2020, the probate division appointed Matthew Watkins as limited co-guardian along with Carl Watkins and both of them as full co-conservators for the estate of Richard Watkins. Thereafter, this Court on motion added Matthew Watkins in this capacity as a party to the appeal.

1

Respondent based on Respondent's declaratory judgment counterclaim because Respondent did not allege any "special circumstances" justifying that award and no such special circumstances were present in the case. In his second point, Appellant asserts that the trial court erred in proceeding with trial after the trial date was continued and Appellant's counsel thereafter filed a motion to withdraw, which was granted prior to the continued trial date. Appellant argues that, under such procedural circumstances, he did not receive proper notice of the continued trial date. And in his third point, Appellant argues that the trial court erred in granting the motion to withdraw of the guardian ad litem ("GAL") appointed to represent Appellant's interests in the case.

Finding that the trial court erred in granting the GAL's motion to withdraw, we reverse the judgment of the trial court and remand for a new trial.

## I.    Factual and Procedural Background

Appellant owns real property in St. Francois County, Missouri, that is located within Goose Creek Subdivision (the "subdivision"), which is managed and maintained by Respondent pursuant to the terms of a covenant and restrictions that apply to all property within the subdivision. On November 4, 2010, Appellant filed his petition before the trial court against Respondent and the individual trustees who serve on Respondent's board in an attempt to prevent Respondent from assessing fines against Appellant pursuant to the terms of the covenant and restrictions. On October 27, 2011, Respondent and the individual defendant trustees filed their joint answer to Appellant's second amended petition and asserted counterclaims against Appellant. The counterclaims included that Appellant owed payment of subdivision assessments pursuant to the terms of the covenant and restrictions ("Counterclaim Count I") and that Respondent was entitled to declaratory judgment declaring Respondent's power to assess fines

2

against Appellant and Appellant's obligation to pay those fines pursuant to the terms of the covenant and restrictions ("Counterclaim Count IV").

In the years that followed, the case progressed slowly, and eventually resulted in the trial court granting the individual defendant trustees' motion for summary judgment on Appellant's claims against them.[2] Thereafter, a bench trial on Appellant's claims against Respondent and Respondent's counterclaims against Appellant was initially held on March 3, 2017, where the parties began to present evidence. Appellant testified during trial on March 3, 2017, but began struggling with memory issues during cross-examination. Appellant's counsel then filed "suggestions of incapacity"[3] while the court was in recess, in which Appellant's counsel requested the appointment of a GAL to protect Appellant's interests in the litigation. After inquiring into Appellant's mental condition, the trial court found it proper to appoint a GAL to protect Appellant's interests in the case. On March 7, 2018, the GAL filed his motion to withdraw and presented a report to the trial court off the record; after interviewing Appellant and reviewing his medical and mental health records, the GAL had concluded that Appellant was not incompetent and that the GAL's representation of Appellant in the case was unnecessary. After receiving the GAL's report, the trial court granted the GAL's motion to withdraw from the case, noting the GAL's opinion that Appellant was not incompetent.

---

[2] Appellant initially appealed the trial court's grant of summary judgment in favor of the individual defendant trustees, but the appeal was dismissed by this Court after Appellant filed his motion to dismiss.

[3] We note that, while Appellant's attorney filed "suggestions of incapacity," the trial court correctly considered that as suggestions of Appellant's incompetency. In a legal sense, "incompetency" in the context of this case refers to a party's inability to protect his or her own interests in a particular litigation because of a mental or physical condition, *see State ex rel. Waller v. Tobben,* 529 S.W.3d 21, 27 (Mo. App. E.D. 2017), while "incapacity" generally refers to a person's inability to manage his or her own real property and/or finances because of a physical or mental condition, *see Matter of Barnard,* 484 S.W.3d 833, 838 (Mo. App. E.D. 2016). As it was Appellant's inability to protect his own interests in the present litigation that was at issue before the trial court, the court's conclusion that the filing of Appellant's attorney was in regard to Appellant's incompetency, pursuant to Rule 52.02(k), is correct.

The trial court then set the date to resume trial for June 4, 2018, but on that date, Appellant did not appear in person (though his counsel was present) and requested continuance of the case because he was ill. The trial court "reluctantly" continued the case for July 30, 2018, but conditioned the continuance on Appellant's payment of $1,400 in attorney's fees to Respondent within 15 days as sanctions and warned that Appellant's petition would be dismissed with prejudice if he did not appear at the continued trial date. A copy of the trial court's order or notice of the rescheduled trial date was not sent to Appellant by the court clerk, as his attorney was present during the hearing held on June 4, 2018. The next day, June 5, 2018, Appellant's counsel filed his motion to withdraw, and the trial court set the hearing date on that motion for June 19, 2018; both the motion and notice of the hearing on the motion were mailed to Appellant, but neither the motion to withdraw nor the notice of the hearing stated the new trial date. After the hearing on Appellant's counsel's motion to withdraw was held on June 19, 2018, at which Appellant did not appear, the trial court granted Appellant's counsel's motion to withdraw.

On July 30, 2018 (the continued trial date), Appellant did not appear in person or by counsel, and the trial court proceeded to hear evidence on Respondent's counterclaims. The trial court thereafter entered judgment on August 8, 2018, dismissing Appellant's claims with prejudice (as he did not appear in person or by counsel for trial on July 30, 2018) and in favor of Respondent on its counterclaims. In its judgment, the trial court granted damages ($6,918.15) for Respondent's Counterclaim Count I and declaratory judgment per Respondent's Counterclaim Count IV, and ordered Appellant to pay attorney's fees for the entire action to Respondent in the amount of $24,200.00, pursuant to the terms of the covenant and restrictions. On August 29, 2018, Appellant (represented by his current counsel) filed a motion to set aside the trial court's

judgment and for a new trial. The trial court granted Appellant's motion in regards to a new trial on attorney's fees, as the court determined that it had incorrectly awarded Respondent attorney's fees for the entirety of the action when Respondent was only entitled to attorney's fees incurred after October 27, 2011 (when Respondent filed its counterclaims to enforce the terms of the covenant and restrictions). After the new trial on attorney's fees on January 22, 2019, the trial court entered judgment ordering Appellant to pay a revised amount of attorney's fees of $27,383.50 to Respondent for legal services rendered from October 27, 2011 to January 22, 2019 (the date of the new trial on attorney's fees).

This appeal follows.

## II.    Standard of Review

We will affirm the judgment of the trial court in a court-tried case "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *BMJ Partners v. King's Beauty Distrib. Co.,* 508 S.W.3d 175, 178 (Mo. App. E.D. 2016) (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). When a misapplication of the law is alleged, we review those claims of error *de novo*. *AB Realty One, LLC v. Miken Techs., Inc.,* 466 S.W.3d 722, 728 (Mo. App. E.D. 2015); *JAS Apartments, Inc. v. Naji,* 354 S.W.3d 175, 182 (Mo. banc 2011).

## III.    Discussion

Appellant raises three points on appeal. Because Appellant's third point on appeal is dispositive of his other two, we address that point first.

Point III

In his third point, Appellant argues that the trial court erred in granting the GAL's motion to withdraw because "the court did not conduct a hearing on that motion giving [Appellant] the

right to attend and did not ascertain the nature and degree to which the [GAL] was able to reach his opinion that [Appellant] did not need the appointment of a [GAL]." Appellant essentially argues that the trial court should not have granted the GAL's motion to withdraw without first providing Appellant the opportunity to rebut the GAL's determinations regarding Appellant's competency and requiring the GAL to show the basis of his opinion on the record.

Rule 52.02(k) states that:

> Whenever it shall be suggested or affirmatively appear to the court that any person not having a duly appointed guardian is incapable by reason of mental or physical infirmity of instituting suit or of properly caring for the person's own interests in any litigation brought by or against such person, the court shall inquire into the person's mental or physical condition for the purpose of the particular litigation and shall hear and determine such issue. If it is found to be proper for the protection of the person, the court may appoint a next friend or guardian ad litem for said person for the purpose of the particular litigation.[4]

"Under Rule 52.02(k) a court must inquire into the mental competency of parties for purposes of a particular litigation 'if it affirmatively appears that a party ... is mentally ill or incompetent[.]'" *State ex rel. Waller v. Tobben,* 529 S.W.3d 21, 27 (Mo. App. E.D. 2017) (quoting *State ex rel. McGarry v. Kirkwood,* 423 S.W.2d 205, 208 (Mo. App. E.D. 1967)). Rule 52.02(k) allows the trial court to inquire into the physical or mental condition of a party to determine whether appointment of a guardian ad litem or next friend is appropriate. *Id.* (citing *State v. Wagner,* 504 S.W.3d 899, 903 (Mo. App. W.D. 2016)). "This is a two-step process that requires a court *first* inquire into a person's mental condition *and then* 'make a determination whether to appoint a next friend or guardian ad litem[.]'" *Id.* (quoting 15 Mo. Prac., Civil Rules Practice § 52.02:7 (2016 ed.)). "A court does not have authority under Rule 52.02(k) to appoint a guardian ad litem to make the determination of whether a person is mentally competent." *Id.* (citing *Wagner,* 504

---

[4] All references are to Missouri Supreme Court Rules (2017).

6

S.W.3d at 903 ("[Rule 52.02(k)] does not permit the court to order a party to submit to a mental examination.")).

In this case, once Appellant's counsel filed his suggestions that Appellant was incompetent and requested the appointment of a GAL after it became apparent that Appellant was having memory issues during trial on March 3, 2017, the trial court correctly inquired into Appellant's mental condition and made its determination that appointment of the GAL was proper for the protection of Appellant's interests in the case. The trial court thereafter granted the GAL's motion to withdraw from the case on March 7, 2018, after receiving a report from the GAL off the record; the GAL had determined that, after interviewing Appellant and reviewing his medical records, Appellant was not incompetent and that the GAL's representation of Appellant was unnecessary.

We find that the trial court misapplied the law in granting the GAL's motion to withdraw. Although the trial court did not explicitly appoint the GAL for the purpose of determining Appellant's competency, that is effectively what the GAL did here. As indicated by our Court in *State ex rel. Waller*, the trial court's inquiry into a party's physical or mental condition should be determinative of whether appointment of a GAL is appropriate, and a GAL may not be appointed for the purpose of determining a party's competency. *Id.*; *see also Wagner,* 504 S.W.3d at 903; Rule 52.02(k). It therefore follows that a GAL may not unilaterally conduct his or her own inquiry of a party's physical or mental condition and make his or her own determination regarding the party's competency (as occurred in this case), as the purpose of a GAL appointed via Rule 52.02(k) is to represent a party's interests in a particular litigation—not to examine a party and determine the party's competency. *State ex rel. Waller,* 529 S.W.3d at 27; Rule 52.02(k).

7

Thus, we find that the trial court misapplied the law in granting the GAL's motion to withdraw, and Appellant's third point on appeal is granted. The judgment of the trial court is reversed and we remand for a new trial. However, Carl and Matthew Watkins have been appointed full co-conservators of Appellant's estate, which includes the right to make decisions with counsel in all pending lawsuits. Therefore, there is no need on remand for the trial court to further address the motion to withdraw of the GAL. Because our conclusion on Appellant's third point on appeal is dispositive of his first and second points, we do not address those points.[5]

## IV.    Conclusion

Finding that the trial court misapplied the law in granting the GAL's motion to withdraw, we reverse the judgment of the trial court and remand for a new trial on Appellant's claims contained within his petition that was dismissed by the trial court and on Respondent's counterclaims.

_____
Colleen Dolan, Chief Judge

Robert G. Dowd, Jr., J., concurs.
Lisa P. Page, J., concurs.

---

[5] While we do not address Appellant's first point, we note that Respondent may be entitled to attorney's fees pursuant to the terms of the subdivision covenant and restrictions.